IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## MICHAEL S. NEELY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-41655, James K. Clayton, Trial Judge**

_____

**No. M1999-1823-CCA-R3-PC - Decided June 2, 2000**

_____

Michael S. Neely appeals from the Rutherford County Circuit Court's dismissal of his *pro se* petition for post-conviction relief. The trial court dismissed the petition as being barred by the statute of limitations. The appellant contends that the petition was timely filed by depositing the petition into the correctional facility's mailbox where he was incarcerated within the one year filing period. After review, we find the proof does not preponderate against the trial court's finding that the petition was untimely filed as it failed to comply with the filing requirements governing *pro se* post-conviction petitions.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which RILEY, J., and ACREE, SP.J., joined.

Darrell L. Scarlett, Murfreesboro, Tennessee, for the appellant, Michael S. Neely.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Michael S. Neely, appeals the order of the Rutherford County Circuit Court dismissing his petition for post-conviction relief as barred by the statute of limitations. In this appeal, the petitioner challenges the trial court's dismissal arguing that his petition was timely filed when "he deposited the [petition] into the correctional facility mailbox. . . ." After review, we affirm.

On March 24, 1998, the petitioner entered pleas of *nolo contendere* to two counts of child rape for which he received a sentence of fifteen years in the Department of Correction. No direct appeal was taken by the petitioner. He is currently incarcerated at the South Central Correctional Center.

The petitioner's post-conviction petition was received, stamped, and filed on the same date,

June 3, 1999. The petitioner's petition is dated March 3, 1999, and collaterally attacks his convictions upon grounds (1) that his guilty pleas were not knowingly and voluntarily entered and (2) of newly discovered evidence establishing his innocence.

Rule 49(c) of the Tennessee Rules of Criminal Procedure provides:

> If petitions for post-conviction relief or other papers are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility, filing shall be timely if the papers are **delivered to the appropriate individual at the correctional facility** within the time fixed for filing.

(Emphasis added).

Additionally, Rule 28, § 2(G) of the Rules of the Supreme Court of Tennessee provides, in pertinent part, as follows:

> A post-conviction petition filed by a pro se petitioner who is incarcerated is filed when it is received by the appropriate prison authorities for mailing.

Subsequently, this Rule was amended, effective November 2, 1999, to provide:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcertated [sic] in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers **were delivered to the appropriate individual at the correctional facility** within the time fixed for filing.

(Emphasis added).

The petitioner testified that, on March 4, 1999, "he deposited the [petition] into the correctional facility mailbox. . . ." The proof established that outgoing mail at South Central Correctional Center may either be dropped in the general facility mailboxes or it may be delivered to the mailroom and sent out as certified or registered mail in which case it is logged in. General mail sent from the prison is not logged. The log books show no entries for mail sent by the petitioner for the month of March 1999. The only proof that supports the petitioner's claim that the petition was timely filed is the petitioner's own testimony.

The record indicates that the petition for post-conviction relief was not filed with the Clerk's Office until June 3, 1999, well outside the limitations period. Despite the petitioner's unsupported assertions, there is no evidence that the petitioner timely delivered the post-conviction petition to "the appropriate prison authorities for mailing" within the applicable time for filing. No certificate

of service was produced at the hearing or on appeal.  In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f) (1997).  On appeal, we are bound by the trial court's findings unless the evidence preponderates against those findings.   Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), perm. app. denied (Tenn. 1990).  We conclude that the trial court was authorized to dismiss the petition as being barred by the statute of limitations.  See  Tenn. Code Ann. § 40-30-206(b) (1997).  Additionally, we note that the petitioner has failed to assert any claim that would qualify as an exception to the statute of limitations.  See  Tenn. Code Ann. § 40-30-202 (1997).   Accordingly, summary dismissal of the petitioner's petition was proper.

For the reasons discussed herein, the judgment of the trial court dismissing the petitioner's petition for post-conviction relief is affirmed.