IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

## JOSEPH A. HOUGH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 00CR017     Kindall T. Lawson, Judge**

**No. E2000-00945-CCA-R3-PC**
**April 19, 2001**

In February 2000, the petitioner filed a petition for post-conviction relief, setting out several claims as to the invalidity of his June 12, 1998, DUI guilty plea in the Greene County General Sessions Court. He had not appealed the plea of guilty but claimed that his post-conviction petition was timely because he had a "mental disability," which tolled the running of the applicable statute of limitations. The post-conviction court concluded that the petition was untimely and dismissed it. Finding that the allegations of "mental disability" are insufficient to toll the statute, we agree that the dismissal of the petition was proper. Further, we find that the notice of appeal was not timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Joseph A. Hough, Northeast Correctional Center, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; and C. Berkeley Bell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 12, 1998, the petitioner, Joseph A. Hough, entered a guilty plea to the offense of driving under the influence, first offense, in the Greene County General Sessions Court and was sentenced to eleven months and twenty-nine days and fined $350. The petitioner was required to serve forty-eight hours, with the remainder of the sentence suspended.

In February 2000,[1] the petitioner filed a *pro se* petition for post-conviction relief, alleging that his plea of guilty was involuntary, that his conviction was based upon evidence obtained as the result of an illegal search and seizure, and that he had been denied his right to a speedy trial. In response to the question on the preprinted petition form as to why the claim should be barred if not filed within one year of the final action on the plea which was the basis for his claim, the petitioner stated: "I have been declared with a mental disability by state official [sic], I was not able to appeal since I was in a mental (prison) hospital." By order entered March 21, 2000, the Greene County Criminal Court dismissed the petition, finding that the petitioner entered a plea of guilty to DUI on June 12, 1998, in the General Sessions Court, that he did not appeal the conviction, and that he filed his petition for post-conviction relief on February 25, 2000, more than one year after the judgment on the DUI became final. The court determined that the judgment of conviction from the Greene County General Sessions Court became final on June 23, 1998, which was ten days from its entry. Accordingly, the court concluded in its order that the petition was time barred, since it was not filed within the one-year period set out in Tennessee Code Annotated Section 40-30-202. The certificate of service for the order of dismissal shows that it was mailed on March 24, 2000, by the circuit court clerk to the petitioner at the DeBerry Special Needs Facility in Nashville, Tennessee. The petitioner then filed a *pro se* notice of appeal, stating that he received the order of dismissal on April 6, 2000. The notice of appeal bears the clerk's stamp of April 26, 2000, and a letter to the Greene County Circuit Court Clerk from the clerk of this court states that the clerk received the notice on April 24, 2000. In response to the appeal, the State has argued that neither the petition for post-conviction relief nor the notice of appeal of its dismissal were timely filed. In his reply brief, the petitioner alleges that he "filed a notice of appeal to this court on or about April 20, 2000, in the prison mailbox." However, the notice of appeal is undated and does not bear a certificate of service.

## DISCUSSION

The petitioner had ten days from the entry of his plea of guilty in the general sessions court, which occurred on June 12, 1998,[2] to file his appeal to the criminal court. Tenn. Code Ann. § 27-5-108. From the date that the judgment became final, he had one year to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-202. However, the post-conviction court found that the first action that he took, following the entry of the plea of guilty, was to file, on February 25, 2000, a petition for post-conviction relief. Following the entry of the order of the criminal court dismissing that petition on March 21, 2000, the petitioner then had thirty days to file his notice of appeal to this court. Tenn. R. App. P. 4(a). However, the notice of appeal was not received by the clerk of this

---

[1]This petition bears the stamped date of "FEB 19 2000" of the circuit court clerk. In its order dismissing the petition, the post-conviction court found that it had been filed on February 25, 2000. Regardless which of these dates is correct, it is clear that the petition was not filed until February 2000, approximately twenty months after the petitioner's plea of guilty in the general sessions court.

[2]In his appellate brief, the petitioner claims that by "a letter or motion," he appealed the DUI conviction to a court, which he does not identify, and that the appeal was dismissed on July 27, 1998. However, the record on appeal does not contain any evidence showing that there was an appeal of the conviction. Even if the claim is true, the post-conviction petition was still untimely.

court until April 24, 2000.[3] Thus, both the filing of the petition for post-conviction relief and of the notice of appeal of the dismissal of that petition were untimely, and this court must affirm the action of the criminal court unless the applicable limitations period for the filing of the petition was tolled and unless he timely filed his notice of appeal. We will now determine whether either occurred.

### Timeliness of Petition for Post-Conviction Relief

In the consolidated cases of State v. Scott Houston Nix and State v. Ralph Dean Purkey, Nos. E1999-02715-SC-R11-PC, E1999-01864-SC-R11-CD, 2001 WL 166384, at *1 (Tenn. Feb. 20, 2001), our supreme court resolved the issue as to "what standard of mental incompetence must a petitioner satisfy before due process requires tolling of the post-conviction statute of limitations." The court determined "that due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." Id. at *2. The court then addressed the question of what allegations must be made in a petition for post-conviction relief to make out a prima facie case under the standard which the court had established and determined:

> [T]o make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 49-30-206(b). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain factual allegations showing the petitioner's incompetence.

Id. at *3 (citations omitted).

The court then reviewed the allegations of both petitioners and determined that they were inadequate to require tolling:

> Nix's petition alleges that he is incompetent because he suffers mood disorders, depression, schizophrenia, insomnia, and alcoholism. Purkey's petition alleges that he is incompetent because he has radical mood swings, extreme depression, loss of memory, poor judgment, and difficulty with thinking abstractly. None of these allegations indicates that either Nix or Purkey is incapable of handling his

---

[3]It appears that the petitioner also filed a notice of appeal with the circuit court clerk, the notice bearing the clerk's stamp of April 26, 2000.

personal affairs or incapable of understanding his legal rights and liabilities. As previously stated, even when proven, mental illness does not equate with incompetency.

Id. at *4.

The claims of this petitioner, as set out in his petition for post-conviction relief, were that he had been "declared with a mental disability," that he was unable to appeal because he "was in a mental (prison) hospital," that he "was suffering from a mental disorder of anxiety and depression," that he was under "stress," and that he was "not mentally stable," in that he had "seen a psychiatrist before the arrest." However, the petitioner failed to attach to his petition any affidavits, depositions, or medical reports to support his allegations of mental illness and to indicate that his alleged "depression" and "stress" prevented him from managing his personal affairs and understanding his legal rights and liabilities. The petitioner's bare, unsupported allegations are insufficient to meet the requirements for a prime facie showing of incompetence requiring tolling of the statute of limitations. The additional claims of mental problems, set out in the petitioner's appellate pleading, even if presented properly, are insufficient, likewise, to toll the statute. Accordingly, we concur with the post-conviction court's determination that the petition was untimely.

### Timeliness of the Appeal

The State has asserted that the notice of appeal was not timely filed, which would be a separate ground for denying relief to the petitioner unless, in the interest of justice, this court waived the late filing of the notice. See Tenn. R. App. P. 4(a). The order of the post-conviction court dismissing the petition was filed on Tuesday, March 21, 2000. A letter dated April 27, 2000, from the clerk of this court to the Greene County Circuit Court Clerk states that the clerk received the notice of appeal on April 24, 2000, which was a Monday. The notice of appeal itself does not bear a date or a certificate of service. The only information in the record as to when the petitioner began the appeal process is the unsworn statement in his appellate reply brief that he "filed a notice of appeal to [the Court of Criminal Appeals] on or about April 20, 2000 in the prison mailbox."

Regarding the filing of a notice of appeal by a *pro se* litigant, Rule 20(g) of the Tennessee Rules of Appellate Procedure provides, in pertinent part, as follows:

> If papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.

-4-

Although it does not appear that a determination has been made as to the manner in which a litigant may establish timely delivery to "the appropriate individual," this court has recently construed identical language found in Tennessee Supreme Court Rule 28, § 2(G) and determined that timely filing of a petition for post-conviction relief was not shown when the *pro se* litigant's sole proof on the matter was his testimony that "he deposited the [petition] into the correctional facility mailbox" before the running of the statute of limitations. Neely v. State, 34 S.W.3d 879, 880 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 2000). Accordingly, we affirmed the post-conviction court's dismissal of Neely's petition as untimely.

In the instant case, we conclude, likewise, that the petitioner's claim that he filed his notice of appeal "on or about" April, 20, 2000, which was the last day for timely filing, is insufficient to establish that he, in fact, did so. Further, after carefully reviewing the record and the pleadings, we do not conclude that there are grounds for our waiving the filing requirements of Rule 4(a), Tennessee Rules of Appellate Procedure. State v. Patterson, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997). Accordingly, the appeal is dismissed as untimely.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
ALAN E. GLENN, JUDGE

-5-