IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## KARL HAMILTON, a.k.a. R. PREWITT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P21270     Carolyn Wade Blackett, Judge**

_____

**No. W2000-02240-CCA-R3-PC - Filed September 14, 2001**

_____

Petitioner appeals the order of the Shelby County Criminal Court dismissing his petition for post-conviction relief. Following an evidentiary hearing, the court held that the petition was time-barred by the statute of limitations. After a thorough review of the record, we conclude that the petition was filed timely, and reverse the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Robert B. Gaia, Memphis, Tennessee, for the appellant, Karl Hamilton.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In April 1996, the petitioner was convicted of burglary by a jury in the Shelby County Criminal Court, and was sentenced as a career offender to twelve years in the Tennessee Department of Correction. This court affirmed on direct appeal, and the Tennessee Supreme Court denied permission to appeal. See State v. Karl Hamilton a.k.a. Randolph Pruitt, No. 02C01-9611-CR-00390, 1997 WL 584303 (Tenn. Crim. App. Sept. 19, 1997), perm. to appeal denied (Tenn. Apr. 20, 1998).

On April 26, 1999, the petitioner filed a *pro se* petition for post-conviction relief in the Shelby County Criminal Court. The court dismissed the petition for failure to file within the statute of limitations. On appeal, this court reversed the dismissal order and remanded the case to determine whether the petition had been timely delivered to the prison authorities for mailing. See Karl Hamilton, a.k.a. Randolph Prewitt v. State, No. W1999-01793-CCA-R3-PC, 2000 WL 72043 (Tenn.

Crim. App. Jan. 25, 2000). Following a hearing, the post-conviction court again dismissed the petition as untimely, and it is that dismissal which is the basis for this appeal.

## ANALYSIS

Petitioner argues that his petition for post-conviction relief was wrongly dismissed because there was sufficient evidence at the hearing to show that his petition had been timely filed. As a general rule, the findings of fact of a trial court are conclusive on appeal unless the evidence preponderates against the judgment. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). Accordingly, this court is bound to affirm the judgment unless the record indicates otherwise. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The burden of establishing that the evidence preponderates against the trial court's findings is on the petitioner. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

The law controlling petitions for post-conviction relief is set out in the 1995 Post-Conviction Procedure Act. See Tenn. Code Ann. §§ 40-30-201 to -310. It provides that, with certain exceptions, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-202(a) (1997). Rule 49(c) of the Tennessee Rules of Criminal Procedure provides in pertinent part that: "If petitions for post-conviction relief or other papers are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility, filing shall be timely if the papers are delivered to the appropriate individual at the correctional facility within the time fixed for filing." See Neely v. State, 34 S.W.3d 879, 880 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 2000). Additionally, the version in effect, at the time the *pro se* petition was filed, of Rule 28, Section 2(G), of the Rules of the Supreme Court of Tennessee provided that: "[a] post-conviction petition filed by a pro se petitioner who is incarcerated is filed when it is received by the appropriate prison authorities for mailing." See id.

Petitioner's application for permission to appeal to the Tennessee Supreme Court was denied on April 20, 1998, and he had one year from that date to file a petition for post-conviction relief. While the *pro se* petition for post-conviction relief bears the petitioner's signature as "Randolph Prewitt," he did not date it. However, the notary statement on the signature page of the petition bears the date April 13, 1999, apparently in the same handwriting as the signature of the notary. Likewise, the petitioner's affidavit, setting out additional information, and apparently filed with his petition for post-conviction relief, also was dated April 13, 1999, by the notary public. The first page of the petition bears the stamp of the Shelby County Criminal Court Clerk, with the handwritten signature of a deputy clerk and the handwritten date April 26, 1999. Thus, although the petition appears to have been notarized within the limitations period, it was not filed by the clerk until after the period had expired.

At the hearing held on May 11, 2000, the petitioner identified his petition for post-conviction relief, as well as an envelope in which, apparently, he had placed the petition for mailing to the

criminal court clerk. He said that he delivered both to the "mail prison authorities" at the institution where he was then housed but was not asked when he had done this. However, an employee from the mail room at the West Tennessee State Penitentiary testified that the envelope carried their outgoing mail stamp with the date that "[l]ooks like April 15th [1999]. It's kind of --." The witness's response was interrupted, and she was not asked to complete it. She also stated that it is the habit and routine of the mail room to stamp files on the day they are received for mailing. After considering the testimony presented, the post-conviction court held that the petition was not timely filed and dismissed it.

Although the proof is sketchy, we note that the original *pro se* petition was executed before a notary public on April 13, 1999, and the interrupted statement of the mail room clerk was that it "[l]ooks like" the institution received it on April 15, 1999. Both of these dates are within the statutory period for the timely filing of a petition for post-conviction relief. At the conclusion of the hearing, the prosecutor correctly observed that the issue which this court remanded for determination was whether the petition for post-conviction relief had been timely because it had been "delivered to the appropriate prison authority" for mailing or whether it was untimely because it had, instead, "been delivered to a family friend." The only proof presented shows that the petition was delivered to the institution's mail room to be sent to the Shelby County Criminal Court Clerk's Office apparently within the limitations period. Thus, we conclude that the petition for post-conviction relief was timely filed.

The State has argued on appeal that the petitioner's proof of timeliness was deficient because the envelope, about which the mail room clerk testified, was not made an exhibit to the hearing. However, since the only evidence in the record is that the petitioner, apparently, made a timely delivery of the petition "to appropriate prison authorities for mailing," it would not appear to be pivotal to our consideration whether the envelope, itself, was made an exhibit. In this regard, we note additionally that, at the hearing, the State neither questioned the mail room clerk as to her interpretation of the date nor argued that the delivery was not timely. Accordingly, the fact that the envelope was not made an exhibit does not affect our conclusion.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we conclude that the petition for post-conviction relief was timely because it was delivered to the institution's mail room. Accordingly, we reverse the finding of the post-conviction court that the petition was untimely and remand this matter for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE

-3-