# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 17, 2004

## MICHAEL S. NEELY v. RICKY BELL, Warden

**Direct Appeal from the Criminal Court for Davidson County**
**No. C-3505     Steve R. Dozier, Judge**

---

**No. M2004-01012-CCA-R3-HC - Filed January 20, 2005**

---

The petitioner appeals the summary dismissal of his petition for writ of habeas corpus, arguing that the trial court imposed a sentence which was illegal and void because it was *ex post facto*; that trial counsel was ineffective; and that his pleas of guilty were not voluntary and knowing. Following our review, we affirm the judgment of the trial court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Michael S. Neely, Riverbend Maximum Security Institution, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## PROCEDURAL HISTORY

The petitioner, Michael S. Neely, entered pleas of *nolo contendere* on March 24, 1998, to two counts of rape of a child pursuant to Tennessee Code Annotated section 39-13-522, and was sentenced to concurrent fifteen-year sentences. He filed a petition for post-conviction relief on June 3, 1999, and this court affirmed the trial court's subsequent summary dismissal of the petition as being barred by the one-year statute of limitations established by Tennessee Code Annotated section 40-30-206(b). See Neely v. State, 34 S.W.3d 879 (Tenn. Crim. App. 2000). Subsequently, on March 31, 2004, the petitioner filed a forty-eight-page *pro se* habeas corpus petition in the Davidson County Criminal Court alleging he was being illegally detained because the trial court did not have jurisdiction or authority to order that his sentences be served at 100%; and, as we understand his lengthy complaint, that trial counsel was ineffective and that he is innocent of the offenses of which

he stands convicted. The court dismissed the petition without a hearing, determining that the petition failed to state a ground for habeas corpus relief.[1] The petitioner then filed a timely appeal to this court.

## ANALYSIS

On appeal, the petitioner has continued the argument of his petition that he was illegally sentenced to fifteen years at 100% and that trial counsel was ineffective. He has presented the new claim that his pleas of guilty were not knowing and voluntary and, as a consequence, he should be permitted to withdraw them. We will review these claims.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted). Additionally, a sentence "imposed in direct contravention of a statute . . . is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

On appeal, the petitioner asserts he is entitled to habeas corpus relief because his sentences are void and his trial counsel was ineffective, resulting in pleas of guilty which were not knowing and voluntary. We begin by noting that an ineffective assistance of counsel claim can be raised only in a petition for post-conviction relief and not a habeas corpus petition. See Passarella v. State, 891

---

[1]The order was entered on April 1, 2004. We note that the order indicates that the habeas corpus petition was filed on March 11, 2004, while the petition itself bears a clerk's stamp indicating it was filed on March 31, 2004.

S.W.2d 619, 627 (Tenn. Crim. App. 1994); <u>Luttrell v. State</u>, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Accordingly, the trial court was correct in determining that this claim should be dismissed without a hearing. As for the corollary to this claim, that ineffective assistance of counsel resulted in pleas of guilty which were not knowing and voluntary, such claims cannot be raised in a habeas corpus petition. <u>See</u> <u>Archer</u>, 851 S.W.2d at 165 (a "challenge to the voluntariness of the pleas does not establish that the convictions based upon those pleas are void, rather than voidable").

Regarding the claim that the trial court could not order that the petitioner's sentences be served at 100%, as best we can determine, he argues that the sentences are illegal because Tennessee Code Annotated section 40-35-501(i),[2] mandating that child rape sentences be served at 100% and pursuant to which he says he was sentenced, applies to offenses which occurred on or after July 1, 1995, but the offenses of which he was convicted occurred in June 1995. Thus, by this argument, his sentences violate the *ex post facto* clause of the United States Constitution.

The petitioner is correct in asserting that the relevant part of this statute provides that certain offenses must be served at 100%, less sentence credits earned and retained:

> (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

> (2) The offenses to which the provisions of subdivision (i)(1) apply are:

> . . . .

> (I) Rape of a child[.]

Tenn. Code Ann. § 40-35-501(i)(1), (2) (2003).

Focusing on this statute, with its effective date after the dates of the offenses to which he pled guilty, the petitioner argues that he should have been sentenced under the 1989 Sentencing Reform Act which would result in his sentences being served as a Range I offender rather than a child rapist.

---

[2]The petitioner asserts, without explanation, that he was sentenced pursuant to Tennessee Code Annotated section 40-35-501(i)(1), which had an effective date the month after the offenses to which he pled guilty, rather than under Tennessee Code Annotated section 39-13-523(a), which became effective in 1992, several years before the offenses. Our review of the record on appeal has revealed no basis for this claim. In fact, both require that he serve 100% of his sentences.

However, this argument ignores subsection (i)(3), which explains that even prior to July 1, 1995, child rapists were required to serve their entire sentences: "Nothing in this subsection (i) shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits." Tenn. Code Ann. § 40-35-501(i)(3) (2003). Thus, sentences for child rapes occurring before July 1, 1995, also were served at 100%. The petitioner entered his pleas of guilty to the violation of Tennessee Code Annotated section 39-13-522, which established child rape as a Class A felony. Although the statute was amended in 1997, the subsection setting child rape as an offense became effective in 1992, three years before his crimes. Likewise, Tennessee Code Annotated section 39-13-523, which the petitioner acknowledges only in passing, defines a "child rapist" as "a person convicted one (1) or more times of rape of a child as defined by § 39-13-522," and requires that such an offender serve 100% of his sentence:

> Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn. A multiple rapist or a child rapist shall be permitted to earn any credits for which such person is eligible and such credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.

Tenn. Code Ann. § 39-13-523(b) (2003). This subsection became effective on July 1, 1992, as did subsection (c), which provides that nothing in the parole and release eligibility section of the code operates to shorten the sentence of a child rapist:

> The provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.

Tenn. Code Ann. § 39-13-523(c) (2003).

In sum, the petitioner was convicted of two counts of rape of a child under Tennessee Code Annotated section 39-13-522. Pursuant to Tennessee Code Annotated section 39-13-523, he is required to serve 100% of the sentence imposed by the trial court. Nothing on the face of the judgment forms indicates that the trial court imposed an illegal sentence, nor that it was without jurisdiction or authority to impose sentence. Thus, the petitioner's claims did not warrant a hearing before dismissal.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the habeas corpus petition.

_____
ALAN E. GLENN, JUDGE