IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 15, 2016

## BENJAMIN K. FOWLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 106168     Steven W. Sword, Judge**

_____

### No. E2016-00958-CCA-R3-PC

_____

The Petitioner, Benjamin K. Fowler, appeals from the Knox County Criminal Court's summary denial of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in summarily denying his petition for being untimely filed because, he alleges that, he delivered a petition to the appropriate prison officials for mailing to the court clerk within the statute of limitations, but the prison officials failed to mail the petition. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Benjamin K. Fowler.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin James Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner is currently serving a total effective sentence of life imprisonment plus six years for his convictions of two counts of felony first degree murder, aggravated burglary, attempted aggravated robbery, and employing a firearm during the commission of a dangerous felony. See State v. Benjamin Keith Fowler, No. E2012-02627-CCA-R3-CD, 2014 WL 885995 (Tenn. Crim. App. Mar. 5, 2014). On March 5, 2014, this court filed its opinion affirming those convictions. Id. The Petitioner did not seek permission to appeal to our supreme court.

On August 20, 2015, the Petitioner filed a pro se petition for post-conviction relief. At the end of the petition, the Petitioner alleged that he had originally sent the petition on February 16, 2015, and that this was the second time he had sent the petition to the post-conviction court. Counsel was appointed to represent the Petitioner, and an amended petition was filed. The amended petition alleged that the Petitioner originally submitted his petition to prison officials for mailing in February 2015 and that he did not "know why the original petition . . . [did] not appear to have been recorded."

The post-conviction court held an evidentiary hearing on the timeliness of the petition. The Petitioner testified that his trial counsel advised him to file a post-conviction petition and that he was aware that the statute of limitations expired on March 5, 2015. The Petitioner further testified that he "looked over the statutes" in the prison law library and filled out a form post-conviction petition in "[m]id-February" 2015. According to the Petitioner, he had the form notarized and had it sent "to the mailroom to be mailed out," along with "a release form" to pay for the notarization and the mailing from his inmate trust account.

The Petitioner testified that he was "[a]lmost positive" that this occurred in February 2015. The Petitioner could not recall how much he was charged for the mailing, but he claimed that he was charged a dollar for the notarization. The Petitioner testified that it was not until several months later when he "had [his] family call the court clerk" that he found out his petition was never received. The Petitioner claimed that he had filled out a second copy of the form petition at the same time as he filled out the original and that he "immediately" had this copy notarized and mailed to the court clerk.

The Petitioner testified that he requested documentation from the prison mailroom to show what he had mailed in February 2015, but that he was only provided with information up to January 2015. The Petitioner further testified he was never given any explanation for what had happened to his original petition. A printout of the Petitioner's inmate trust account showed only one charge in February 2015 for thirty-six cents. When confronted with this, the Petitioner theorized that a twenty-dollar charge from April 2015 was likely the fee for mailing the original petition in February. The Petitioner claimed that it often took up to thirty days for prison officials to withdraw funds after "a release form" is submitted. The Petitioner could not identify a corresponding charge for the notarization fee.

On April 15, 2016, the post-conviction court entered a written order summarily denying the petition. The post-conviction court concluded that "the evidence [the Petitioner] presented . . . [did] not support his claim that he submitted an earlier petition to the prison authorities." The post-conviction court noted that the Petitioner presented no proof corroborating his claim despite the Petitioner's allegation that he was not given anything by the prison officials to document his submission. The post-conviction court

also noted that the Petitioner did not attempt to subpoena any documents from the prison officials despite his claim that they refused to give him the relevant documentation.

The Petitioner now appeals to this court, raising the same arguments he raised in the post-conviction court. Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the one-year statute of limitations expired on March 5, 2015.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-year statute of limitations "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Post-Conviction Procedure Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled, none of which the Petitioner alleges apply to his case. See Tenn. Code Ann. § 40-30-102(b). In addition to the statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations. See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). The Petitioner likewise does not claim that the statute of limitations should be tolled on due process grounds.

The only explanation the Petitioner offers for the untimeliness of his petition is that he delivered the petition to the appropriate prison authority for mailing in February 2015. See Tenn. R. Crim. P. 49(d) (providing that papers filed by an incarcerated pro se litigant may be considered timely filed if they are delivered to the appropriate prison authority for mailing within the time allowed for filing); see also Tenn. S. Ct. R. 28, § 2(G). However, there was no certificate of service or any other documentation to support the Petitioner's explanation for the untimeliness of his petition. Nothing in the record before us preponderates against the post-conviction court's decision to discredit the Petitioner's testimony. Accordingly, we conclude that the post-conviction court did not err in summarily denying the petition as having been untimely filed. See Neely v. State, 34 S.W.3d 879, 881 (Tenn. Crim. App. 2000); Don Sanders v. State, No. W2013-02781-

CCA-R3-PC, 2015 WL 846683, at *7 (Tenn. Crim. App. Feb. 26, 2015), perm. app. denied (Tenn. June 11, 2015) (both holding the same under similar facts).

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE