IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2024

## LARRY JOHNSON v. SHARON ROSE, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 23-CR-10906   Mark L. Hayes, Judge**

_____

### No. W2023-01056-CCA-R3-HC

_____

Petitioner, Larry Johnson, appeals from the Lake County Circuit Court's dismissal of his petition for a writ of habeas corpus, in which he alleged that he received an illegal sentence. We conclude Petitioner has failed to timely appeal or to follow procedural requirements, and the interest of justice does not require waiver of the requirements. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Larry Johnson, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Brent C. Cherry, Senior Assistant Attorney General; for the appellee, State of Tennessee.

### OPINION

#### I. Factual and Procedural History

On November 13, 2013, Petitioner pleaded guilty to one count of aggravated robbery in Rutherford County Circuit Court Case Number F-68882. The trial court sentenced Petitioner to nine years imprisonment in the Tennessee Department of Correction (TDOC) as a standard Range I offender at eighty-five percent service. The trial court ordered Petitioner to serve the sentence consecutively to his sentence from

Rutherford County Circuit Court Case Number F-66758[1]. The trial court did not award Petitioner pretrial jail credit.

On April 4, 2023, Petitioner filed a petition for writ of habeas corpus. Petitioner argued that his sentence in Case Number F-68882 had expired and that his sentence violated Tennessee Code Annotated sections 40-35-501(c), (r); 40-35-102; 40-35-103; and 40-28-129 regarding the calculation of his sentence or release eligibility. The habeas corpus court dismissed his petition by written order on April 10, 2023, and stated:

It is evident from the judgment attached to the petition that the sentencing [c]ourt imposed a sentence consecutive to some prior sentence [Petitioner] was serving. [Petitioner] has not attached a copy of the judgment imposing the prior sentence. The [c]ourt cannot, accordingly, calculate whether [Petitioner's] sentence has expired.

Habeas [c]orpus relief is not available for the resolution of disputes between [Petitioner] and [TDOC] regarding the application of behavior/program credits. Accordingly, [Petitioner] is not entitled to relief on his [expired sentence] claims.

Petitioner cites but overlooks the provisions of [Tennessee Code Annotated section] 40-35-301(k) (eff. July 1, 2012) which governs the release eligibility for certain crimes, including the crime for which he pled guilty and was found guilty, aggravated robbery. Release eligibility dates and limitations on behavior and program credits are treated differently for the crimes set forth therein. This different sentencing and release eligibility treatment for specific crimes is the prerogative of the legislature. The sentencing court followed the law as it applied to [Petitioner]. [Petitioner] is not entitled to relief on his [sentence calculation or release eligibility] claims.

On July 25, 2023, Petitioner filed a notice of appeal. Petitioner states that although the habeas corpus court dismissed the petition on April 10, 2023, he did not receive the order until July 18, 2023. The certificate of service attached to the order indicates that the Lake County Circuit Court Clerk mailed a copy to Petitioner on April 10, 2023, to:

Larry Johnson #269718
Northwest Correctional Facility
960 State Route 212

---

[1] While the judgment for Case Number F-66758 is not included in the record, the TOMIS report from the record in Petitioner's appeal indicates this is a Rutherford County case.

Tiptonville, TN 38079

Attached to Petitioner's brief is a copy of the court's order dismissing Petitioner's petition, and on the last page of the order, there is a handwritten statement, which reads: "I, Counselor Woods, received this by email from Circuit Court Clerk on 7/18/23 and provided it to Larry Johnson # 269718."

We note that on Petitioner's notice of appeal, he lists his name and address as:

Larry Johnson #269718
Northwest Correctional Complex
960 State Route 212
Tiptonville, TN 38079

## II. Analysis

Petitioner argues that the habeas corpus court erred by: (1) denying relief without appointing counsel; (2) denying Petitioner's claim that his sentence from Case Number F-68882 had expired and he should be immediately released; and (3) denying Petitioner's claim that his sentence in Case Number F-68882 is void and illegal. Although the State did not raise the issue in its brief, we must address the timeliness of Petitioner's appeal before we address the merits of his claim.

As stated above, the order dismissing Petitioner's petition for a writ of habeas corpus was entered on April 10, 2023. The certificate of service attached to that order shows that the Circuit Court Clerk mailed Petitioner a copy on that same day. The rules require that "[i]n an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(c); *see State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (quoting *State v. James*, No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022)), *perm. app. filed* (Tenn. Jan. 10, 2024). Petitioner claims he filed his notice of appeal on July 19, 2023, but the record indicates a file stamp date by the clerk on July 25, 2023. Both dates are well beyond the thirty-day time period that commenced on April 10, 2023.

Still, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(c). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Green v. State*,

No. W2021-00527-CCA-R3-HC, 2022 WL 971994, at *1 (Tenn. Crim. App. Mar. 31, 2022) (alteration in original) (quoting *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543414, at *1 (Tenn. Crim. App. Dec. 27 2005)).

Petitioner's notice of appeal states, "This notice cannot be viewed as untimely since [he] did not receive the final order of denial until July 18, 2023, via the e-mail of his counselor, after repeated attempts to receive said order. See attached." From our review, there is no credible evidence in the record that supports Petitioner's assertion. The handwritten statement Petitioner provides as an attachment to his brief is unsworn and unsigned, and consequently, we cannot consider it. An "unsworn statement is utterly lacking in veracity or any indicia of reliability." *Cook v. State*, No. M2018-01149-CCA-R3-ECN, 2019 WL 2184844, at *4 (Tenn. Crim. App. May 21, 2019); *see Neely v. State*, 34 S.W.3d 879, 880 (Tenn. Crim. App. 2000) (explaining that the petitioner's unsupported assertions were not enough to waive the timeliness requirement when there was no other evidence that the petition was timely filed); *Fowler v. State*, No. E2016-00958-CCA-R3-PC, 2016 WL 6915968, at *2 (Tenn. Crim. App. Nov. 23, 2016) (declining to waive the timeliness requirement when the petitioner's own statement was the only evidence that the petition was filed on time). Further, the handwritten statement is not part of the record, but only attached to Petitioner's brief. "[D]ocuments attached to an appellate brief not included in the record on appeal cannot be considered by this court as part of the record on appeal." *Dunigan v. State*, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. Feb. 23, 2006) (citing *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)). The substance of the statement is also suspect—it reads that "Counselor Woods" received the order "by email" from the clerk, when the certificate of service on the order dismissing the petition reflects it was mailed to Petitioner on April 10, 2022 to the same address he lists on his pleadings on appeal. Regardless, under our rules, it is Petitioner's burden to show that he timely filed his appeal. *See* Tenn. R. App. P. 20(g) ("Should timeliness of filing . . . become an issue, the burden is on the pro se litigant to establish compliance with this provision."). Thus, even though Petitioner claims that he did not receive a mailed copy of the order from the Circuit Court Clerk, nothing in the record corroborates his claim.

We now consider the nature of the issues presented for review within the context of whether to waive the timeliness requirement. Tenn. R. App. P. 4(c); *Broyld*, 2005 WL 3543414, at *1. Petitioner claims that his sentence in Case No. F-68882 had expired and he is entitled to immediate release, yet he failed to comply with the procedural requirement of attaching copies of the original judgment to his petition. *See* Tenn. Code Ann. § 29-21-107(a), (b)(2) (requiring the petition to state "[t]he cause or pretense of such restrain according to the best information of the applicant, and if it be by virtue of any legal process, a copy shall be annexed, or a satisfactory reason given for its absence"); *see also State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005); Tenn. R. App. P. 24(b) (it is the duty of the

- 4 -

appellant "to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). As Petitioner failed to provide the habeas corpus court copies of the judgment, it was within the court's purview to summarily dismiss his claims. *See Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007) (holding a habeas corpus court may "summarily dismiss a petition for failing to comply with statutory procedural requirements."). Further, the *Summers* court explained that a habeas corpus court need not appoint counsel when a petitioner fails to produce an adequate record:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Id.* at 261. As noted, the judgment in Case Number F-68882 was not attached to the petition.[2] Without the prior judgment, which sets the point at which service of Petitioner's most recent judgment begins, the habeas court could not possibility calculate when Petitioner's sentence expires, nor was the court required to appoint counsel. This issue appears to be without merit.

Finally, within the context of whether to waive the timeliness requirement, we address Petitioner's claim that his sentence is illegal. In support of his claim, Petitioner cites Tennessee Code Annotated section 40-35-501(c), which states: "Release eligibility for each defendant sentenced as a Range I standard offender shall occur after thirty percent . . . of the actual sentence imposed less sentence credits earned and retained by the defendant." While section 40-35-501(c) governs the release eligibility for general Range I standard offenders, the legislature created an exception for the offense of aggravated robbery within that same statute: "There shall be no release eligibility for a person committing aggravated robbery, . . . on or after July 1, 2010, and before July 1, 2022, until the person has served eighty-five percent . . . of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(k)(1). Petitioner's underlying conviction for aggravated robbery clearly falls within Code section 40-35-501(k)(1). Accordingly, Petitioner's claim that his sentence is illegal is without merit, and therefore, the interest of justice does not require waiver of the timeliness requirement.

---

[2] Petitioner also failed to include this judgment in the appellate record.

- 5 -

## III. Conclusion

Based on our review, we conclude that the Petitioner's notice of appeal was untimely and the interest of justice does not require that we waive the timely filing requirement. Accordingly, Petitioner's issues are waived and we dismiss the appeal.

_____
MATTHEW J. WILSON, JUDGE