### Marco D. BUTLER

v.

### STATE of Tennessee.

Supreme Court of Tennessee,
at Jackson.

Dec. 30, 2002.

Michael E. Scholl, Memphis, Tennessee, for the appellant, Marco Dewayne Butler.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Bill Gibbons, District Attorney General; E. Greg Gilluly, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

## OPINION

On November 19, 1999, the defendant, Marco D. Butler, pleaded guilty in the Shelby County Criminal Court to first de-

gree murder and especially aggravated robbery in connection with the death of Charles Cantrell. On March 13, 2001, the defendant filed a post-conviction petition which was dismissed by the trial court as being time-barred by the statute of limitations. However, the defendant claimed that he originally caused to be mailed, and therefore filed, his post-conviction petition on October 9, 2000, though it was never received by the Shelby County Criminal Court Clerk's Office. The Court of Criminal Appeals affirmed the trial court's order dismissing the defendant's petition as being untimely filed. We granted this appeal to determine if the Court of Criminal Appeals erred in affirming the dismissal of Butler's post-conviction petition as time-barred. After examining the facts and the law relevant to this issue, we hold that pursuant to Tennessee Supreme Court Rule 28 § 2(G) (Rule 28 § 2(G)), the defendant is entitled to an evidentiary hearing to determine whether the defendant's alleged original post-conviction petition was timely filed.

## STATEMENT OF THE CASE

On November 19, 1999, the defendant, Marco D. Butler, pleaded guilty in Shelby County Criminal Court to first degree murder and especially aggravated robbery in connection with the death of Charles Cantrell. The defendant was sentenced to concurrent sentences of life without the possibility of parole and twenty-five (25) years, respectively. On November 19, 2000, the one-year statute of limitations for post-conviction relief expired for the defendant. See Tenn.Code Ann. § 40–30–202(a) (1997). On March 13, 2001, the defendant filed a post-conviction petition alleging that his conviction was based upon a coerced confession and a denial of effective assistance of counsel. Although the March filing date is nearly four months beyond the statutory period, the defendant asserts

that he originally caused a previous post-conviction petition to be mailed from his penal institution on October 9, 2000, which was within the one-year statute of limitations period, pursuant to Rule 28 § 2(G) and Tennessee Rule of Criminal Procedure 49(c).

According to the defendant, on October 9, 2000, he enlisted the aid of a Correctional Officer, Ms. Ronlanda Norfolk, to deposit his completed *pro se* post-conviction petition into the prison's mail system. On November 29, 2000, the defendant, claiming he had waited patiently for thirty (30) days for the trial court to respond pursuant to Tennessee Code Annotated section 40–30–206(a), filed a "Motion for Status of Case." In his motion, the defendant asserted that he had forwarded his post-conviction petition on October 9, 2000 to the Shelby County Criminal Court through Ronlanda Norfolk, and having not received a response, he knew that "something was wrong." Additionally, the defendant attached affidavits to his motion from Ronlanda Norfolk and Jackie Bartlett. In her affidavit, Ms. Bartlett, an Inmate Relations Coordinator at West Tennessee State Penitentiary Site 3, claimed that she prepared a six (6) month account statement for the defendant for the purpose of supporting his indigent status for filing a post-conviction petition on October 7, 2000. In Ms. Norfolk's affidavit, while acknowledging that she dropped off some "legal mail" for the defendant on October 9, 2000, she did not specify what was included in the mail or to whom the mail was addressed.

On December 22, 2000, in response to the defendant's motion, the Criminal Court Clerk's Office informed the defendant that it had never received any post-conviction petition from him. On February 16, 2001, the defendant filed an inmate grievance claim with the Tennessee Department of Corrections for improperly handling his post-conviction petition. In his post-conviction petition dated March 13, 2001, the defendant listed the date of mailing as October 9, 2000, but he made no reference to any previously filed petition. In dismissing the defendant's post-conviction petition, the trial court stated that the "petitioner alleges no reason to toll the statute of limitations, and the court finds no reason." No evidentiary hearing was held to determine whether the defendant actually caused his post-conviction petition to be mailed on October 9, 2000. The Court of Criminal Appeals affirmed the trial court's order dismissing the defendant's post-conviction petition and held that the "petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely."

For the reasons stated herein, we reverse the decision of the Court of Criminal Appeals and hold that the defendant is entitled to an evidentiary hearing to determine whether his post-conviction petition was properly filed pursuant to the requirements of Rule 28 § 2(G) on October 9, 1999. Accordingly, we remand this case to the Criminal Court for Shelby County and direct that it conduct an evidentiary hearing wherein the defendant will have the burden of showing by a preponderance of the evidence that his alleged original post-conviction petition was timely filed pursuant to Rule 28 § 2(G).

## ANALYSIS

The procedure for filing a post-conviction petition is articulated in Rule 28 § 2(G) which provides, in pertinent part,

[i]f papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to

*the appropriate individual* at the correctional facility within the time fixed for filing.... *Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.*

(Emphasis added).

Similarly, Tennessee Rule of Criminal Procedure 49(c) provides that

[i]f papers required or permitted to be filed pursuant to the rules of criminal procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to *the appropriate individual* at the correctional facility within the time fixed for filing.

(Emphasis added).

This Court has recently noted that it is generally the duty of the trial courts to conduct evidentiary hearings on statute of limitations issues that do not involve a determination of guilt or innocence. *See State v. Vickers,* 970 S.W.2d 444, 448 (Tenn.1998). Additionally, other courts when faced with similar circumstances have also remanded to the trial courts for evidentiary hearings when there is some dispute as to whether inmates have complied with the provisions of various prison mailbox rules. *See Hostler v. Groves,* 912 F.2d 1158, 1162 (9th Cir.1990), *cert denied,* 498 U.S. 1120, 111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991); *see also United States v. Grana,* 864 F.2d 312, 316 (3d Cir.1989); *Thompson v. Montgomery,* 853 F.2d 287, 288 (5th Cir.1988); *Mayer v. State,* 184 Ariz. 242, 908 P.2d 56, 59 (1995); *Setala v. J.C. Penney Co.,* 97 Hawai'i 484, 40 P.3d 886, 893 (2002); *Commonwealth v. Hartsgrove,* 407 Mass. 441, 553 N.E.2d 1299, 1302 (1990).

The defendant claims that by tendering his post-conviction petition to Ms. Norfolk,

a correctional officer, on October 9, 2000, he fulfilled the filing requirements of Rule 28 § 2(G). Conversely, the State claims that Butler's petition and supporting affidavits fail to show that he tendered his post-conviction petition in compliance with Rule 28 § 2(G). Specifically, the State maintains that "there is no evidence that the defendant timely delivered the post-conviction petition to 'the appropriate prison authorities for mailing' within the applicable time for filing." *Neely v. State,* 34 S.W.3d 879, 881 (Tenn.Crim.App.2000). Accordingly, the State asserts that the defendant is not entitled to a hearing.

■ The State cites *Neely* for the proposition that the defendant's petition was properly dismissed. In *Neely,* the Court of Criminal Appeals affirmed an order dismissing a defendant's post-conviction petition on similar facts. *Id.* However, we find the instant case distinguishable from *Neely* in several important respects. First, it is apparent from the opinion in *Neely* that a hearing was held in that case to determine whether the defendant complied with Rule 28 § 2(G) given that the Court of Criminal Appeals' opinion notes that the defendant "testified" as to when he mailed his post-conviction petition. *Id.* at 880. Additionally, the sole proof supporting the defendant's claim that he timely filed his post-conviction petition was his own testimony. *Id.* at 881. In sharp contrast, no evidentiary hearing was held in this case to allow Butler to prove when he mailed his first alleged post-conviction petition. Although the affidavits submitted by the defendant are clearly inadequate to establish that the October 2000 petition was properly delivered to the "appropriate individual" for filing, they do certainly lend support to the defendant's position. We therefore hold that the defendant has alleged sufficient facts to make a threshold showing that he has complied with Rule 28 § 2(G). We conclude that he is entitled to an evidentiary hearing wherein the trial

court must determine whether the defendant can prove by a preponderance of the evidence that: 1) he actually filed a post-conviction petition by tendering it to Ms. Norfolk on October 9, 2000, and 2) Ms. Norfolk was an "appropriate individual" for post-conviction petition filing purposes within the meaning of Rule 28 § 2(G).

■ Determining who is an "appropriate individual" for purposes of filing post-conviction petitions under Rule 28 § 2(G) or Tennessee Rule of Criminal Procedure 49(c) will be a question of fact best resolved by the various trial courts of this state. We decline to adopt a bright-line rule in this regard because different correctional facilities may have divergent guidelines or customs regarding the appropriate individual(s) to whom prisoners should file legal mail. However, any such calculus should include an accounting of the rules, guidelines, and/or customary practices relating to the prison mail system used by the correctional facility in question, as well as any other factor(s) deemed appropriate under the circumstances.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Court of Criminal Appeals and conclude that the defendant has presented evidence such that he has made a threshold showing of compliance with Tennessee Supreme Court Rule 28 § 2(G). Accordingly, we remand this case to the Criminal Court for Shelby County to determine whether the defendant can show by a preponderance of the evidence that he complied with Rule 28 § 2(G) in filing his post-conviction petition.

Cost of this appeal are taxed to the State of Tennessee.