IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

**ALLEN OLIVER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County
No. P-26580     Arthur T. Bennett, Judge**

**No. W2002-02085-CCA-R3-PC - Filed May 16, 2003**

The petitioner, Allen Oliver, appeals the post-conviction court's dismissal of his *pro se* petition for post-conviction relief as barred by the one-year statute of limitations. The petitioner pled guilty to various offenses pursuant to a plea agreement on July 2, 2001, and his petition for post-conviction relief was stamped filed in the clerk's office on July 3, 2002. Because the judgment of conviction did not become final until thirty days after its entry, the petition for post-conviction relief was timely filed. Thus, we reverse and remand to the post-conviction court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;
Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Allen Oliver, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 2, 2001, the petitioner pled guilty pursuant to a plea agreement to especially aggravated burglary, attempted first degree murder, aggravated kidnapping, and two counts of aggravated assault. The trial court imposed an agreed effective sentence of twenty-three years. A *pro se* petition for post-conviction relief was stamped filed in the post-conviction court on July 3, 2002. The petition reveals it was executed and notarized on June 24, 2002, while the petitioner was an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. The post-conviction court summarily dismissed the petition because it was filed one day beyond the statute of limitations.

The petitioner contends he filed his petition within the statute of limitations by placing it in the internal mailing system provided by the Department of Correction on June 24th. The state

concedes that the trial court erred in dismissing the petition without an evidentiary hearing to determine whether the petition was timely filed.

Pursuant to the Post-Conviction Procedure Act, a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-202(a) (emphasis added). In a recent case involving a request to withdraw a guilty plea entered pursuant to a plea agreement, our state supreme court held that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Harold L. Green, ___ S.W.3d ___, ___, 2003 Tenn. LEXIS 326, at *8 (Tenn. May 1, 2003). The court held that even though the defendant waived his right to appeal at the time of the guilty plea pursuant to a plea agreement, the judgment was still not final until thirty days after entry. *Id.* Although the case at bar involves the post-conviction statute of limitations, the statute specifically states it begins to run one year from "the date on which the judgment became final." Tenn. Code Ann. § 40-30-202(a). We see no reason why a judgment would become final at a different time for post-conviction purposes as it would for any other purpose. In light of the unambiguous language in Green, we conclude that the statute of limitations did not begin to run until thirty days after the petitioner's guilty plea on July 2, 2001. Therefore, his petition filed in the clerk's office on July 3, 2002, was timely.

We also note that had we not reversed based upon the above analysis, we would have remanded for an evidentiary hearing to determine whether the petitioner, an inmate at a correctional facility, delivered the petition to the appropriate individual at the facility for mailing prior to July 3, 2002. *See* Butler v. State, 92 S.W.3d 387, 391 (Tenn. 2002). A *pro se* petitioner is deemed to have filed a petition on the date it is delivered to the appropriate individual at the correctional facility. Tenn. Sup. Ct. R. 28 § 2(G); Tenn. R. Crim. P. 49(c).

We reverse and remand this case for further proceedings.

_____
JOE G. RILEY, JUDGE