IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2005

## ROBERT RIGGS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 2000-0829-II PC     Richard R. Vance, Judge**

_____

**No. E2004-02233-CCA-R3-PC - Filed August 10, 2005**

_____

The Defendant, Robert Riggs, was convicted by a jury of three counts of misapplication of contract funds. His convictions were affirmed by this Court on direct appeal. See State v. Robert B. Riggs, No. E2000-01983-CCA-R3-CD, 2002 WL 1364031 (Tenn. Crim. App., Knoxville, June 25, 2002). The Tennessee Supreme Court denied the Defendant's application for permission to appeal. The Defendant subsequently filed a pro se petition for post-conviction relief, while he remained incarcerated. The State responded by filing a motion to dismiss on the grounds that the petition had been filed outside the statute of limitations. The Defendant contested the State's motion but the trial court granted it without a hearing. The Defendant now appeals the summary dismissal of his petition for post-conviction relief. We reverse the trial court's ruling and remand this matter for an evidentiary hearing on the timeliness of the Defendant's petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

Robert Riggs, Pro Se.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Alfred C. Schmutzer, Jr., District Attorney General; and Steven Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**STATEMENT OF THE CASE**

The direct appeal of the Defendant's convictions reveals that the Defendant contracted with three unrelated individuals to build each of them a house. Although the individuals paid the Defendant significant amounts of money toward the contract prices, the Defendant did not satisfy his obligations under the contracts. Rather, the jury determined that the Defendant had used the payments for purposes other than building the respective homes. Accordingly, the jury convicted

the Defendant of three counts of misapplication of contract funds. See Tenn. Code Ann. § 66-11-138. This Court affirmed the Defendant's convictions on direct appeal, see State v. Robert B. Riggs, No. E2000-01983-CCA-R3-CD, 2002 WL 1364031 (Tenn. Crim. App., Knoxville, June 25, 2002), and our supreme court denied the Defendant's application for permission to appeal on December 2, 2002.

On February 27, 2004, the Circuit Court Clerk for Sevier County file stamped a petition for post-conviction relief prepared and submitted by the Defendant acting pro se. However, the Defendant's petition provides that it is "Respectfully submitted this 20th day of November, 2003." The Defendant included with his petition an affidavit swearing to its truth and correctness. This affidavit is followed by the Defendant's signature and an acknowledgment by a notary public that the Defendant swore to same on November 19, 2003. Also included with the petition is a certificate of service signed by the Defendant stating that he mailed a copy of the petition to the district attorney's office by United States Mail on November 20, 2003. At the time he prepared his petition for post-conviction relief, the Defendant was incarcerated at the NECC Annex in Mountain City, Tennessee.

In response to the Defendant's petition, the State filed a motion to dismiss on the grounds that the petition was filed outside the one year statute of limitations. Within two weeks of the filing of the motion to dismiss, the Defendant filed a response, contending that the petition was timely filed on November 22, 2003. In support of his response, the Defendant attached an affidavit from himself referring to correspondence from the "mailroom" indicating that "legal mail from Robert Riggs to the Sevier County Criminal Court Clerk and the D.A.'s office was mailed on 11-20-03." The affidavit further references a page in the 2003 logbook in which prisoner mailings are logged, as proof that the Defendant mailed his petition in November 2003 rather than February 2004. The record before this Court does not contain either the alleged correspondence from the mailroom or a copy of the referenced page of the logbook.[1]

The trial court summarily granted the State's motion to dismiss, which ruling the Defendant now contests. We reverse the trial court's summary dismissal and remand this matter for further proceedings consistent with this opinion.

**ANALYSIS**

Tennessee Code Annotated section 40-30-102(a) provides, in pertinent part, that a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred.

---

[1] A copy of alleged notes from the mailroom staff of the facility in which the Defendant was housed is attached to the Defendant's brief. It is not, however, included in the record. This Court does not recognize as part of the appellate record documents which are merely attached to appellate briefs. See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

However, Tennessee Supreme Court Rule 28, section 2 makes special provision for calculating the filing date where the petitioner is filing pro se while incarcerated:

> If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se petitioner is incarcerated. This provision shall also apply to service of papers by pro se petitioners pursuant to these rules. Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.

Tenn. Sup. Ct. R. 28, § 2(G). Similarly, Tennessee Rule of Criminal Procedure 49(c) provides that

> [i]f papers required or permitted to be filed pursuant to the rules of criminal procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

The Defendant originally appealed his convictions to this Court, only to have his convictions affirmed by a decision filed June 25, 2002. See Robert B. Riggs, supra at *1. The Defendant applied for permission to appeal this Court's decision to the Tennessee Supreme Court, but that Court denied the application on December 2, 2002. See id. Accordingly, the Defendant had until December 2, 2003, in which to timely file a petition for post-conviction relief. The Defendant contends that he filed his petition in November 2003. However, his petition bears a stamped filing date of February 27, 2004: well outside the one year statute of limitations period.

Our supreme court instructs us that "it is generally the duty of the trial courts to conduct evidentiary hearings on statute of limitations issues that do not involve a determination of guilt or innocence." Butler v. State, 92 S.W.3d 387, 390 (Tenn. 2002); see also State v. Vickers, 970 S.W.2d 444, 448 (Tenn. 1998). Our supreme court has further cited with approval to the decisions of other courts remanding to trial courts for evidentiary hearings when there is some dispute about whether an inmate has complied with the provisions of certain "prison mailbox rules". See Butler, supra, and cases cited therein.

In Butler, the incarcerated defendant claimed that he mailed his pro se petition for post-conviction relief in October 2000, within the one year statute of limitations. See Butler, 92 S.W.3d at 389. Having not heard anything after thirty days had passed, the defendant filed a "Motion for Status of Case" to which he attached an affidavit from a Correctional Officer acknowledging that she had dropped off some "legal mail" for the defendant on October 9, 2000. In response to the defendant's motion, the clerk's office informed the defendant in December 2000 that it had not

received the petition.  See id.  The defendant then submitted his petition again and it was filed on March 13, 2001:  almost four months beyond the statute of limitations period.  The trial court summarily dismissed the filed petition as untimely, and this Court affirmed the trial court's ruling. See id.  Our supreme court reversed and remanded for an evidentiary hearing in order for the trial court to determine whether the defendant could prove by a preponderance of the evidence that he had timely tendered the initial petition to the Correctional Officer, and that she was an "appropriate individual" for post-conviction filing purposes within the meaning of Tennessee Supreme Court Rule 28 section 2(G).  See id. at 390-91.

We conclude that the same result should obtain here.  Although the record before us does not contain any proof from persons other than the Defendant, the Defendant does make reference to correspondence from the prison mailroom staff and records kept by the prison that he purports to substantiate his claim that he filed his petition in a timely manner.  The trial court summarily dismissed the Defendant's petition without a hearing and without making any findings of fact.  The appellate record does not allow this Court to make a determination of whether the Defendant may have complied with Supreme Court Rule 28 such that his petition, although file stamped on a date well past the end of the statute of limitations period, is, in fact, "timely."  The Defendant should be given an opportunity to adduce proof in an evidentiary hearing about the actual process he utilized in filing his petition and the person(s) to whom he delivered his petition.  If the trial court determines that the Defendant has failed to carry his burden of proof pursuant to Supreme Court Rule 28, section 2(G), then dismissal will be appropriate.  Otherwise, the Defendant should be allowed to proceed.

The trial court's judgment is reversed and this matter is remanded to the trial court for an evidentiary hearing consistent with this opinion.

_____
DAVID H. WELLES, JUDGE

-4-