IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

**DARRON PRICE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 02-02785     John P. Colton, Jr., Judge**

**No. W2006-02233-CCA-R3-PC  - Filed May 14, 2008**

The Petitioner, Darron Price, appeals the summary dismissal of his *pro se* petition for post-conviction relief by the Shelby County Criminal Court.  Price was convicted in 2003 for attempted first degree murder, attempted especially aggravated kidnapping, and aggravated robbery.  *State v. Darren Price*,[1] No. W2003-01447-CCA-MR3-CD (Tenn. Crim. App. at Jackson, Feb. 9, 2005).  The judgments were affirmed on direct appeal, and our supreme court denied Price's application for permission to appeal on June 20, 2005.  *Id.*  Subsequently, Price filed the instant petition for post-conviction relief.  The post-conviction court denied Price an evidentiary hearing based upon its determination that the petition was untimely pursuant to the one-year statute of limitations.  On appeal, Price argues that the post-conviction court erred in summarily dismissing his petition as untimely.  After review, we conclude that the record supports a threshold showing of Price's compliance with Tennessee Supreme Court Rule 28, § 2(G).  Accordingly, we vacate the trial court's order dismissing Price's petition, and we remand for an evidentiary hearing to determine whether Price can show by a preponderance of the evidence that he complied with Rule 28 § 2(G) in filing his post-conviction petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ., joined.

Charles S. Mitchell, Memphis, Tennessee, for the Appellant, Darron Price.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel, Attorney General's Office, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

---

[1] We acknowledge the difference in the spelling of the Petitioner's name in this appeal and in the direct appeal of his convictions.  We elect to utilize the spelling consistently used by the Petitioner in this appeal and as reflected by his signature.

The Petitioner was found guilty of attempted first degree murder, attempted especially aggravated kidnapping, and two counts of aggravated robbery, and he was ordered to serve an effective sentence of forty-nine years. *Darren Price*, No. W2003-01447-CCA-MR3-CD. The judgments were affirmed on direct appeal, but the case was remanded for entry of corrected judgment forms to reflect the merger of two convictions for aggravated robbery. *Id.* The Petitioner filed an application to appeal to the Tennessee Supreme Court, which was denied on June 20, 2005. *Id.*

The Petitioner, proceeding *pro se*, subsequently filed the instant petition for post-conviction relief. On September 5, 2006, the post-conviction court entered an order dismissing the petition "without the need of an evidentiary hearing or the appointment of counsel[,]" finding that the petition was filed on June 26, 2006, and was, therefore, outside the one-year statute of limitations. The Petitioner timely appealed the post-conviction court's order.

**Analysis**

The Petitioner argues that the post-conviction court erred in summarily dismissing his petition. He contends that the post-conviction court should have held a hearing to determine whether his petition was timely filed. In response, the State concedes that the Petitioner made a threshold showing of compliance with Tennessee Supreme Court Rule 28 § 2(G) and agrees that remand is necessary to determine the date on which the Petitioner filed his petition.

The Tennessee Post-Conviction Procedure Act provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

T.C.A. § 40-30-102(a) (2006). Notwithstanding, if petitions are "prepared by or filed on behalf of a *pro se* petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. Sup. Ct. R. 28, § 2(G); *see also* Tenn. R. Crim. P. 49(d). In effect, "the jailer is . . . the clerk of the [court.]" *Paul v. State*, 75 S.W.3d 926, 929 (Tenn. Crim. App. 2001) (citing *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2383 (1988)). A trial court may enter an order summarily dismissing a post-conviction petition if the petition is not filed within the time set forth in the statute of limitations. T.C.A. § 40-30-106 (2006).

In *Butler v. State*, 92 S.W.3d 387 (Tenn. 2002), our supreme court addressed the issue of the statute of limitations regarding a *pro se* petition for post-conviction relief. In addition to the

procedures in place for the filing of such petitions set forth by Rule 49 of the Tennessee Rules of Criminal Procedure, in analyzing this issue, the court cited Tennessee Supreme Court Rule 28, which provides, in pertinent part, that "[s]hould timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision." *Butler*, 92 S.W.3d at 390. The court also relied upon *State v. Vickers*, 970 S.W.2d 444, 448 (Tenn. 1998), for the principle that "it is generally the duty of the trial courts to conduct evidentiary hearings on statute of limitations issues that do not involve a determination of guilt or innocence." *Id.* The *Butler* court concluded that the defendant had "alleged sufficient facts to make a threshold showing that he . . . complied with Rule 28 § 2(G)." *Id.* The court held that the defendant was entitled to an evidentiary hearing wherein the trial court would determine: (1) whether the defendant could prove by a preponderance of the evidence that he had actually filed a post-conviction petition by tendering it to the named correctional officer within the one-year statute of limitations: and (2) that such named correctional officer was an "appropriate individual" for post-conviction petition filing purposes within the meaning of Rule 28 § 2(G). *Id.* at 390-91.

In the case at bar, the *pro se* petition filed in the record indicates on the face of the petition that it was signed by the Petitioner on May 23, 2006. The Petitioner asserts that he hand delivered his petition to prison authorities on May 31, 2006. After the trial court dismissed the petition, based upon a finding that the petition was filed on June 26, 2006, the Petitioner filed a motion "Responding to the Order Dismissing Petitioner's Petition for Post-Conviction Relief" and attached to the motion a "Declaration of Mailroom of the Hardeman Co. Correctional Facility at Whiteville, Tennessee." This "Declaration" asserted that the petition was mailed on May 31, 2006. Upon filing his *pro se* brief with this court, the Petitioner was appointed counsel, and the record was supplemented with the affidavit of the clerk of the Hardeman County Correctional Facility mail room, who attested that the Petitioner delivered his petition to be mailed on May 31, 2006.

After review, we conclude that the Petitioner has offered proof sufficient to make a threshold showing that he properly filed his post-conviction petition pursuant to the requirements of Rule 28 § 2(G).

## CONCLUSION

Based upon the foregoing, we reverse the judgment of the Shelby County Criminal Court and conclude that the Petitioner has presented evidence such that he has made a threshold showing of compliance with Tennessee Supreme Court Rule 28 § 2(G). Accordingly, we remand this case to the post-conviction court to determine whether the Petitioner can show by a preponderance of the evidence that he complied with Rule 28 § 2(G) in filing his post-conviction petition.

                                                        _____

                                                      DAVID G. HAYES, JUDGE