IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2003

## ANTONIO L. SAULSBERRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23305     Joseph B. Dailey, Judge**

**No. W2002-02538-CCA-R3-PC  - Filed February 9, 2004**

Antonio L. Saulsberry appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief, in which he alleged that he received the ineffective assistance of counsel. In this appeal, he raises two challenges to the lower court's ruling on the ineffectiveness claim. Having reviewed the record, the briefs of the parties, and the applicable law, we hold that the petitioner's post-conviction petition was untimely and therefore dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. NORMA MCGEE OGLE, J., concurred in results.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the Appellant, Antonio L. Saulsberry.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Robert Carter and Terry Harris, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

The petitioner was convicted by a jury of first degree murder, especially aggravated robbery, and conspiracy to commit aggravated robbery. *State v. Antonio L. Saulsberry*, No. 02C01-9710-CR-00406, slip op. at 3 (Tenn. Crim. App., Jackson, Dec. 21, 1998). On direct appeal, this court reversed and dismissed the first degree murder conviction based upon insufficiency of proof, affirmed the remaining two convictions, and remanded for further proceedings. *See id.*, slip op. at 8, 34. The petitioner did not seek supreme court review of the convictions that this court affirmed.

He then filed the present post-conviction petition attacking the robbery and conspiracy convictions. He alleged in his petition that he was deprived of the effective assistance of counsel in the conviction proceedings and that he was denied the right to second-tier review. The lower court conducted a hearing, at which it received the testimonial evidence of the petitioner and his former

counsel. The lower court ruled that the petitioner had been afforded the effective assistance of counsel and that he had been adequately informed of his right to seek supreme court review of his convictions. Thus, the court denied post-conviction relief.

Our review of this case begins with a matter not raised by the parties, that being the question of timeliness of the petition. The petition represents that the petitioner signed the verification on April 6, 2000. The file stamp is not entirely legible on the copy of the post-conviction petition that is in the appellate record. The file stamp reveals that the petition was filed on the ninth day of a month in the year 2000; the month is not legible. This court's opinion in the petitioner's direct appeal was filed on December 21, 1998. Accordingly, any date in the year 2000 would be outside the applicable one year statute of limitations for post-conviction relief. *See generally* Tenn. Code Ann. § 40-30-102(a) (2003). The petitioner alleged in his *pro se* petition that he had not complied with the statute of limitations because his trial counsel had not advised him of the limitations period for seeking post-conviction relief. Surprisingly, however, neither the state nor the lower court addressed the issue of timeliness in the proceedings below.

Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur. *See id.* § 40-30-102(b) (2003); *John Parker Roe v. State*, No. W2000-02788-CCA-R3-PC (Tenn. Crim. App., Jackson, Nov. 20, 2002), *perm. app. denied* (Tenn. 2003).

If a petition is not filed within the one year statute of limitations, it nevertheless may be considered if its allegations fall within three rather narrow exceptions:

(1)     The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2)     The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3)     The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). Additionally, due process may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v.*

*State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The petitioner acknowledges in this petition that his filing was outside the one year statute of limitations. His excuse for late filing, that he was unaware of the limitations period, neither fits within any of the three statutory exceptions nor calls for a due process-based waiver of the limitations bar. *See, e.g.,Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Phillips*, 904 S.W.2d 123 (Tenn. Crim. App. 1995) (ignorance of post-conviction statute of limitations, even when based upon attorney's failure to render advice, does not constitute grounds for avoiding limitations bar). Thus, his petition should have been dismissed as untimely, insamuch as the lower court was without jurisdiction to entertain it. *See* Tenn. Code Ann. § 40-30-102(a), (b) (2003).

In many cases that have come before the appellate courts in which the petitioner's compliance with the statute of limitations is an issue, the appellate courts have remanded for evidentiary hearings. *See, e.g., Butler v. State*, 92 S.W.3d 387, 390 (Tenn. 2002). Unlike the typical case in which there is a question whether the petitioner has actually complied with the statute of limitations or has conformed to the prison mailbox rules, the petitioner in this case admits that his filing is untimely. *See John Parker Roe*, slip op. at 4-5 n.2 (question of fact whether petition has been timely filed); *see generally Butler*, 92 S.W.3d at 390. Moreover, the petitioner has not articulated facts which, if proven, would afford him any relief from the limitations bar. *See* Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). Likewise, there is no factual indication that due process concerns are implicated. *See Williams*, 44 S.W.3d 464 (attorney misrepresentation, as opposed to negligence, about continuing representation may toll statute of limitations on due process grounds). As such, his petition was subject to summary dismissal. *See* Tenn. Code Ann. § 40-30-106(b) (2003); *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) (compliance with statute of limitations is element of right to file petition for post-conviction relief; incumbent upon petitioner to allege either compliance with or tolling of limitations period). The fact that the lower court did not take that action does not allow the petitioner, at this juncture, to avoid operation of the statute of limitations. As such, his appeal must be dismissed due to the untimeliness of the underlying petition. This court lacks jurisdiction to adjudicate the case.

Paradoxically, we must address the issue raised by the petitioner due to the possibility of further appeal of our dismissal of the case. *See State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999).

The petitioner claims error in the lower court's ruling that he was provided with the effective assistance of counsel at trial. In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency.

*Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). Because a petitioner must establish both deficient representation and prejudice therefrom, relief may be denied when proof of either is deficient. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

The petitioner first claims in his post-conviction appeal that trial counsel was ineffective in failing to pursue vigorous cross-examination of a key state's witness. The lower court found that trial counsel made a sound strategic decision not to pursue an aggressive cross-examination of the witness in question. Indeed, trial counsel testified that based upon the substance of the witness's testimony, much of which had been admitted by the petitioner in an inculpatory statement, he believed the better course did not entail vigorously attacking this witness's credibility. Upon appellate review, we cannot say that the evidence preponderates against the trial court's determination that counsel's strategy was sound. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (post-conviction petitioner must overcome presumption that course chosen by counsel was sound trial strategy).

The petitioner also claims that trial counsel was ineffective in failing to seek permission to appeal to the supreme court the court of criminal appeals' affirmance of his especially aggravated robbery and conspiracy convictions. Counsel testified that although he advised the petitioner of his right to seek permissive appeal to the supreme court, counsel did not give this advice in writing, nor did counsel file a motion to withdraw from the petitioner's case. Counsel testified, however, that he did not think there was a valid basis for seeking further review of the defendant's convictions. The lower court found that the petitioner was adequately advised of his appeal rights and denied post-conviction relief. We disagree that counsel adequately discharged his obligations. Had we not determined that the petition in this case was not timely filed, the facts presented would warrant post-conviction relief in the form of a delayed appeal. *See* Tenn. R. Sup. Ct. 28, § 9(D); *Gibson v. State*, 7 S.W.3d 47, 48-49 (Tenn. Crim. App. 1998).

In summary, we dismiss the petitioner's appeal because we, like the trial court, lack jurisdiction due to the petitioner's untimely filing of his petition for post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-