
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2017

## STATE OF TENNESSEE v. JAMES JOHNSON AKA GUY BONNER

**Appeal from the Criminal Court for Shelby County**
**No. 11-05295     James Lammey, Judge**

### No. W2016-00868-CCA-R3-PC

The petitioner, James Johnson aka Guy Bonner, appeals the denial of his petition for post-conviction relief, which petition apparently challenged his 2012 Shelby County Criminal Court jury convictions of burglary, theft of property valued at $500 or less, and resisting arrest. Because the petitioner has established sufficient facts to make a threshold showing that he complied with the "mailbox rule," he is entitled to an evidentiary hearing at which he must establish by a preponderance of the evidence that he delivered his petition to the appropriate prison official for mailing before the expiration of the statute of limitations. Thus, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing on the issue of the timeliness of the petition for post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

James Johnson aka Guy Bonner, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Shelby County Criminal Court jury convicted the petitioner of burglary, theft of property valued at $500 or less, and resisting arrest, and this court affirmed the convictions and the sentences imposed for the convictions of burglary and theft but remanded the case for entry of a corrected judgment form reflecting a sentence of six months for the petitioner's conviction of resisting arrest. *See State v. James Johnson*, No.

W2012-02280-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Dec. 27, 2013), *perm. app. denied* (Tenn. May 15, 2014).

In the current appeal, no petition for post-conviction relief appeared in the original record on appeal. Because we concluded that the contents of the pro se, incarcerated petitioner's notice of appeal should have prompted the trial court clerk to include the entirety of the record of the post-conviction proceedings in the record on appeal, we ordered the trial court clerk to supplement the appellate record with the original petition for post-conviction relief and the order dismissing the original petition. In his petition, the petitioner avers that the petition was being mailed on May 14, 2015, but the petition was not signed or notarized until May 15, 2015, the date on which the statute of limitations for filing a petition for post-conviction relief expired. The petition bears a file-stamp date of May 21, 2015. The post-conviction court entered an order dismissing the petition as untimely, observing that the petition "was notarized on May 15, 2015, and mailed on May 18, 2015."

The petitioner filed a motion to reconsider his petition, alleging that he had delivered his original petition to the appropriate prison authority on May 15, 2015, for mailing but that the petition was not mailed until May 18, 2015, because prison mail did not go out on the weekend. In its order denying the petitioner's motion to reconsider, the post-conviction court found that the petitioner had failed to state a basis for reconsidering his post-conviction petition. The petitioner then filed an untimely notice of appeal followed by a motion, in this court, to consider his late-filed appeal. We waived the timely filing of the notice of appeal and permitted the appeal to proceed.

In this appeal, the petitioner contends that the post-conviction court erred by dismissing his original petition as untimely because he delivered the petition for mailing within the one-year statute of limitations for filing a petition for post-conviction relief.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be

asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

Because the petition was prepared by the pro se, incarcerated petitioner, it was deemed timely if it was "delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. Sup. Ct. 28, § 2(G); *see also* Tenn. R. Crim. P. 49(d)(1) ("If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing."). When "timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision." Tenn. R. Sup. Ct. 28, § 2(G); *see also* Tenn. R. Crim. P. 49(d)(3) ("When timeliness of filing or service is an issue, the burden is on the pro se litigant to establish compliance with this provision.").

As indicated, the petition was signed and notarized on May 15, 2015, the date on which the statute of limitations expired. We take judicial notice that May 15, 2015, was a Friday, as the petitioner contends. If, as the petitioner also contends, he delivered his petition to the appropriate prison official on that same day, then his petition was timely filed. Under these circumstances, it is our view that the petitioner "has alleged sufficient facts to make a threshold showing that he has complied with Rule 28 § 2(G)." *Butler v. State*, 92 S.W.3d 387, 390 (Tenn. 2002). In consequence, the petitioner is entitled to an evidentiary hearing at which he must establish by a preponderance of the evidence that he delivered his petition to the appropriate prison official for mailing on May 15, 2015, as he claims.

Accordingly, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing on the issue of the timeliness of the petition for post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE

-3-