IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 2, 2019

## CHRISTOPHER DANTA LOGAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 8879    Joe H. Walker, III, Judge**

_____

**No. W2018-01176-CCA-R3-PC**

_____

The Petitioner, Christopher Danta Logan, appeals the Tipton County Circuit Court's summary dismissal of his pro se petition for post-conviction relief. The Petitioner argues that he timely filed his petition alleging he received the ineffective assistance of counsel. The State agrees that the Petitioner timely filed his petition. After a review of the record and applicable law, we conclude that the post-conviction court committed reversible error; therefore, we reverse the post-conviction court's summary dismissal of the petition and remand for a hearing regarding the timeliness of the Petitioner's post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Christopher Danta Logan, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On May 12, 2017, the Petitioner pleaded guilty to felony failure to appear in violation of Tennessee Code Annotated section 39-16-609 and received an effective

sentence of six years as a career offender.  The judgment was entered on the same day.
The Petitioner's notarized petition for post-conviction relief is dated June 8, 2018, and
the petition was stamped as filed on June 14, 2018.  The Petitioner asserts that he did not
enter his plea voluntarily, knowingly, and intelligently.  He also asserted that trial counsel
was ineffective for not investigating whether he qualified as a career offender and that
trial counsel failed to inform him of the possible outcome of a jury trial.

The post-conviction court entered an order on June 14, 2018, finding that the
petition was untimely and summarily dismissing the petition.  The Petitioner now
appeals.

## ANALYSIS

On appeal, the Petitioner maintains that his petition was timely and that, thus, the
post-conviction court erred in summarily dismissing his petition.  The State agrees with
the Petitioner that the petition was timely filed.

This court reviews a post-conviction court's summary dismissal of a post-
conviction petition de novo.  *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002).
Post-conviction relief is available to petitioners for any conviction or sentence that is
"void or voidable because of the abridgment of any right guaranteed by the Constitution
of Tennessee or the Constitution of the United States."  T.C.A. § 40-30-103.  A pro se
petitioner is required to file for post-conviction relief "within one (1) year of the date of
the final action of the highest state appellate court to which an appeal is taken or, if no
appeal is taken, within one (1) year of the date on which the judgment became final."
T.C.A. § 40-30-102(a).  As a general rule, a trial court's judgment becomes final thirty
days after its entry "unless a timely notice of appeal or specified post-trial motion is
filed."  *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001).

A petition prepared by a pro se inmate will be deemed timely filed "if the papers
were delivered to the appropriate individual at the correctional facility within the time
fixed for filing."  Tenn. Sup. Ct. R. 28 §2(G); *see also* Tenn. R. Crim. P. 49(d) ("[T]he
filing is timely if the paper was delivered to the appropriate individual at the correctional
facility within the time of for filing.").  The Petitioner entered a guilty plea on May 12,
2017, and the judgment was entered on the same day.  The judgment became final on
June 11, 2017, thirty days after he entered the plea.  The Petitioner had one year from
June 11, 2017, or until June 11, 2018, to file a petition for post-conviction relief.  T.C.A.
§ 40-30-102(a).  The Petitioner's notarized petition for post-conviction relief is dated
June 8, 2018, and he stated in his petition that he delivered the petition for mailing on the
same date.  Although the petition was stamped as filed on June 14, 2018, which is after

the statute of limitations expired, we conclude that the petitioner "has alleged sufficient facts to make a threshold showing that he has complied with Rule 28 § 2(G)." *Butler v. State*, 92 S.W.3d 387, 390 (Tenn. 2002). Therefore, the Petitioner is entitled to an evidentiary hearing to determine whether he delivered his petition to the appropriate prison official for mailing before or on June 11, 2018. *See State v. James Johnson*, No. W2016-00868-CCA-R3-PC, 2017 WL 2199173, at *2 (Tenn. Crim. App. May 18, 2017). Accordingly, we remand for further proceedings consistent with this opinion.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing on the issue of the timeliness of the post-conviction petition.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE