IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 27, 2021 Session

**JESSICA R. ADKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Washington County**
**No. 40416     Lisa Rice, Judge**

_____

**No. E2020-01213-CCA-R3-PC**
_____

The Petitioner, Jessica R. Adkins, appeals the denial of her petition for post-conviction relief from her conviction and resulting life sentence for felony murder in the perpetration of aggravated child neglect. The Petitioner's conviction was based on her failure to seek medical treatment for her two-month-old daughter, who sustained blunt force trauma while in the care of the child's father, Russell Dean Long, who was tried with the Petitioner. In this appeal, the Petitioner argues that the post-conviction court erred in finding that she received effective assistance of trial counsel. The State argues that the post-conviction court lacked jurisdiction to consider the petition because it was filed outside the one-year statute of limitations and the Petitioner "made no efforts to show that she complied with the requirements of Tenn. R. Sup. Ct. 28 § 2(G) by delivering her pro se petition to the appropriate prison official within the time fixed for filing." Because the post-conviction court treated the petition as timely from the outset of the hearing, thereby preempting any proof the Petitioner may have presented to show that she delivered her petition to the appropriate prison official for mailing within the time for filing of the petition, we remand to the post-conviction court for an evidentiary hearing on the timeliness of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Remanded for Further Proceedings**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Cameron L. Hyder, Elizabethton, Tennessee, for the appellant, Jessica Renee Adkins.

Herbert H. Slatery III, Attorney General and Reporter; and Katherine C. Redding, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

# FACTUAL BACKGROUND

At the conclusion of her joint trial with the victim's father, the Petitioner was convicted of first degree felony murder in the perpetration of aggravated child neglect. Her co-defendant was convicted of first degree felony murder in the perpetration of both aggravated child abuse and aggravated child neglect. Each received a sentence of life imprisonment. Their convictions were affirmed by this court on direct appeal, and our supreme court denied application for permission to appeal. State v. Russel Dean Long and Jessica Renee Adkins, No. E2012-01166-CCA-R3-CD, 2013 WL 5436529. at *1 (Tenn. Crim. App. June 26, 2013), perm. app. denied (Tenn. Mar. 5, 2014).

The State presented the following proof at trial: that the victim sustained rib and skull fractures of varying ages, inconsistent with accidental trauma, in the days and weeks before her death; that the injuries were inflicted during times that the Petitioner was at work and her co-defendant was caring for the victim and the victim's two-year-old sister at home; that the victim began persistent vomiting, with an inability to keep formula down, approximately one week before the Petitioner's discovery of her dead body early on the morning of March 6, 2009; that the Petitioner and her co-defendant observed the victim experiencing a seizure in the days before her death; that neighbors repeatedly urged the Petitioner and her co-defendant to take the victim for immediate medical care; that the Petitioner and her co-defendant had the opportunity to seek medical care for the victim; and that the Petitioner repeatedly lied that a pediatrician had examined the victim and diagnosed her with a stomach virus during a March 2, 2009, routine medical visit for the victim's older sister.

The Petitioner filed an untimely pro se petition for post-conviction relief on March 11, 2015, in which she raised a number of claims, including ineffective assistance of counsel. In its response, the State asserted that the petition was barred by the statute of limitations. On October 12, 2015, the post-conviction court entered a preliminary order appointing post-conviction counsel, finding that the petition was timely, and dismissing as waived all claims with the exception of the claim of ineffective assistance of counsel. In the preliminary order, the trial court erroneously listed March 11, 2014, as the date on which our supreme court denied the Petitioner's application for permission to appeal.

On June 26, 2019, the Petitioner, through appointed counsel, filed an amended petition for post-conviction relief. With respect to the timeliness of the petition, the Petitioner asserted that "the petition was sent to the clerk's office within the applicable statute of limitations but was not filed within the statute of limitations by no fault of his [sic] own."

The post-conviction court briefly addressed the statute of limitations at the outset of the evidentiary hearing during its overview of the procedural history of the case, noting, correctly, that the pro se petition had, in fact, been filed outside the one-year statute of limitations. The court announced, however, that it would "proceed with the petition as though it had been timely filed" based on its "reading of the appellate opinions dealing with post-conviction matters that if it is that close in time they will assume it was attempted to be mailed and they consider the mailing consistent with the filing." At the conclusion of its recitation of the procedural history of the case, the court inquired if either party had anything it wished to add. Post-conviction counsel explained that the delay in the evidentiary hearing was the result of the parties' agreement to reset it from an earlier date to accommodate the Petitioner's completion of a prison college program. Neither party said anything about the timeliness of the petition.

The Petitioner and her two trial counsel testified at the evidentiary hearing. The Petitioner expressed her belief that an independent investigator would have helped to highlight her ignorance of the victim's injuries and inconsistencies in the witnesses' statements, and that a severance of her trial would have resulted in her acquittal of the charge or her conviction of a lesser offense. She also complained that trial counsel had not adequately informed her of the seriousness of the charge and life sentence, misled her into believing that the State did not have a case against her, and failed to adequately prepare her for trial or explain how testifying in her defense could have helped her case. Trial counsel testified about their extensive preparation for the case, explained why an independent investigator would not have added anything to the case and why there were no legitimate grounds to request a severance, and disputed the Petitioner's claims that she had been unaware of the serious nature of the charge and of the possibility of her felony murder conviction and resulting life sentence.

The post-conviction court denied the petition in a detailed written order filed on January 2, 2020, in which it concluded that the Petitioner had not met her burden of demonstrating either a deficiency in counsel's representation or resulting prejudice to her case. Among other things, the court found that not requesting a severance was part of counsel's sound trial strategy, as there were no legitimate grounds for a severance. The court accredited the testimony of counsel that they met with the Petitioner on numerous occasions, that the Petitioner had constant access to co-counsel via her cell phone, and that both lead counsel and co-counsel fully informed the Petitioner of the charge and her potential punishment if convicted. The court also noted that the Petitioner failed to present any witnesses at the evidentiary hearing to establish how a private investigator would have more effectively communicated with the Petitioner or aided in her understanding of the victim's injuries.

On September 28, 2020, this court granted the Petitioner's motion for a waiver of the timely notice of appeal requirements.

## ANALYSIS

The Petitioner argues that her trial counsel were deficient for failing to hire an independent investigator, for failing to file a motion to sever her case, for failing to sufficiently inform her of the serious nature of her charge and the potential punishment, and for failing to adequately advise her of her right to testify and the impact her testimony might have had on the jury. She asserts that, were it not for these alleged deficiencies in counsel's performance, the outcome of her case would have been different because she either would have been found not guilty or would have elected to plead to a lesser offense. She additionally argues that the cumulative effect of counsel's alleged errors was to deprive her of her due process rights to a fair trial. The State responds by arguing that the post-conviction court lacked jurisdiction to consider the petition because it was filed outside the one-year statute of limitations and the Petitioner made no efforts to show that she delivered her petition to the appropriate prison official within the time for filing. In the alternative, the State argues that the Petitioner failed to meet her burden of demonstrating that she was deprived of the effective assistance of counsel.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). The post-conviction statute contains a specific anti-tolling provision and provides that, absent three narrow exceptions provided in the statute, "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period[.]" Id. at § 40-30-102 (b). "'Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur.'" State v. Angela Montgomery, No. M2020-00427-CCA-R3-PC, 2020 WL 4306906, at *8 (Tenn. Crim. App. Sept. 22, 2021) (quoting Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004)).

We believe the post-conviction court was referring to the "mailbox rule" in its decision to treat the pro se petition as timely. Under the "mailbox rule," a petition prepared by an incarcerated pro se litigant is considered timely if it was delivered for mailing to the appropriate individual at the correctional facility within the time set for filing. Tenn. R. Sup. Ct. 28 §2(G); see also Tenn. R. Crim. P. 49(d)(1). Under this rule, the key is not how close in time to the expiration of the statute of limitations the petition is filed, but whether

- 4 -

it was delivered to the appropriate prison official within the time for filing. When timeliness of the petition is at issue, "the burden is on the pro se petitioner to establish compliance with this provision." Tenn. R. Sup. Ct. 28, § 2(G); see also Tenn. R. Crim. P. 49(d)(3).

The record reflects that the pro se petition was signed and notarized on March 3, 2015, before the expiration of the one-year statute of limitations, but was not filed in the clerk's office until March 11, 2015. The record does not reflect what date the Petitioner claims she delivered the signed and notarized petition to the appropriate prison official for mailing. As the State points out, the Petitioner left that portion of her pro se form petition blank, and she did not include the information in her amended petition for post-conviction relief. She did, however, assert in her amended petition that the petition was sent to the clerk's office within the time for filing.

Although the Petitioner's allegation that the petition was sent to the clerk's office within the time for filing was insufficient to show that she complied with Rule 28 §2(G), it was sufficient to afford her the opportunity to present proof of her compliance with the rule. See Butler v. State, 92 S.W.3d 387, 390-1 (Tenn. 2002) (concluding that petitioner's claim that he delivered pro se petition to a prison official for filing within the statute of limitations was sufficient for him to be given the opportunity at an evidentiary hearing to meet his burden of showing by a preponderance of the evidence his compliance with Rule 28 §2(G)); see also Christopher Danta Logan v. State, No. W2018-01176-CCA-R3-PC, 2019 WL 2147842, at *1 (Tenn. Crim. App. Oct. 15, 2019) (reversing summary dismissal of post-conviction petition as time-barred and remanding for an evidentiary hearing to determine whether petitioner delivered his petition to the appropriate prison official for mailing within filing deadline); State v. James Johnson, No. W201-00868-CCA-R3-PC, 2017 WL 2199173, at *2 (Tenn. Crim. App. May 18, 2017) (concluding that petitioner who alleged that he delivered petition to prison official within time for filing was entitled to an evidentiary hearing on the timeliness of the petition because he "alleged sufficient facts to make a threshold showing that he ha[d] complied with Rule 28 § 2(G).").

Because the post-conviction court treated the petition as timely without adequate proof that the Petitioner complied with the requirements of Rule 28 § 2(G), and because the court's preemptive decision to treat the petition as timely effectively forestalled the presentation of proof on the issue, we remand to the post-conviction court with instructions to conduct an evidentiary hearing on the sole issue of whether the Petitioner has met her burden of showing that the petition was delivered to the appropriate prison official for mailing within the filing deadline.

## CONCLUSION

Based upon the foregoing, we remand to the post-conviction court for an evidentiary hearing to determine whether the Petitioner delivered her petition to the appropriate prison official for mailing within the filing deadline.

_____
D. KELLY THOMAS, JR., JUDGE