IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 22, 2024

**JAMIE SCOTT BROCK v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Claiborne County**
**No. 2024-CR-4091         Zachary R. Walden, Judge**

_____

**No. E2024-00510-CCA-R3-PC**

_____

A Claiborne County jury convicted the Petitioner, Jamie Scott Brock, of first degree murder in 2006, and the trial court sentenced him to life imprisonment. More than thirteen years after his conviction was affirmed on appeal, the Petitioner filed a petition for post-conviction relief in 2024. The post-conviction court summarily dismissed the petition after finding it to be untimely and concluding that principles of due process did not toll the running of the statute of limitations. The Petitioner appealed. Upon our review, we respectfully affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which JILL BARTEE AYERS and KYLE A. HIXSON, JJ., joined.

Jamie Scott Brock, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Jared R. Effler, District Attorney General; and Graham E. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In August 2006, a Claiborne County jury convicted the Petitioner of first degree murder. Following a sentencing hearing conducted on September 11, 2006, the trial court

sentenced him to a term of life imprisonment. This court affirmed the trial court's judgment on June 29, 2009, and the supreme court denied permission to appeal on January 25, 2010. *See State v. Brock*, 327 S.W.3d 645 (Tenn. Crim. App. 2009). The Petitioner sought further review by the United States Supreme Court, which denied his petition for a writ of certiorari on October 4, 2010.

More than thirteen years later, the Petitioner filed a petition for post-conviction relief on February 29, 2024 ("2024 Petition"). In this filing, the Petitioner claimed he tried to file a handwritten post-conviction petition in February 2011 ("2011 Petition").[1] He stated that the Claiborne County Clerk's office did not accept handwritten pleadings for filing. To support this allegation, the Petitioner included an affidavit from his mother, Helen Brock, saying that she contacted the clerk's office and was told they do not accept handwritten filings.

The Petitioner alleged that, after he learned that his post-conviction petition was not filed, he made the following filings over the next thirteen years:

- In October 2011, the Petitioner filed a petition for a writ of habeas corpus in the United States District Court. The district court denied relief on March 31, 2015.

- In February 2016, the Petitioner filed a second pro se, handwritten petition for post-conviction relief. He alleges that he did not receive a response.

- In June 2017, the Petitioner re-submitted a handwritten petition for post-conviction relief. He alleges that his petition was not filed because it was in handwriting.

---

[1] Although the Petitioner attached a one-page document purporting to be a copy of the 2011 Petition to his brief in this court, it was not annexed to the 2024 Petition or otherwise submitted to the post-conviction court for its consideration. Of course, this court "may only review what is in the record and not what might have been or should have been included." *State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). It is also true that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." *See, e.g.*, *Dunigan v. State*, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. Feb. 23, 2006) (citing *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)), *perm. app. denied* (Tenn. June 26, 2006); *see also Turner v. State*, No. E2018-00520-CCA-R3-PC, 2018 WL 6253822, at *7 (Tenn. Crim. App. Nov. 28, 2018), *perm. app. denied* (Tenn. Mar. 27, 2019). As such, we cannot consider this document as part of the record in this appeal.

- In May 2020, the Petitioner filed a typewritten Motion for DNA Testing. This motion was filed and then summarily dismissed by the post-conviction court.

- In November 2021, the Petitioner filed a typewritten "Motion for Post-Conviction DNA Act Representation." The post-conviction court denied this motion, and this court affirmed the denial on appeal. *See Brock v. State*, No. E2022-00082-CCA-R3-PC, 2022 WL 3592610 (Tenn. Crim. App. Aug. 23, 2022), *perm. app. denied* (Tenn. Dec. 14, 2022).

After the Petitioner filed the 2024 Petition, the State moved to dismiss the petition as being untimely. In a written order filed on March 8, 2024, the post-conviction court dismissed the petition, finding that the petition was filed beyond the one-year statute of limitations. The court also concluded that the Petitioner was not entitled to due process tolling because he had not diligently pursued his right to post-conviction relief.[2] The Petitioner filed a timely notice of appeal on April 8, 2024.

## STANDARDS OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). In this case, the issues are whether the post-conviction petition was timely filed within the one-year statute of limitations and, if not, whether principles of due process tolled the running of the statute of limitations. The first question is one of law that we review under a de novo standard of review. *See, e.g.*, *McCoy v. State*, No. W2019-00574-CCA-R3-PC, 2020 WL 1227304, at *1 (Tenn. Crim. App. Mar. 11, 2020), *no perm. app. filed*. The second question is a mixed question of law and fact that is also subject to de novo review. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013).

## ANALYSIS

The Tennessee Post-Conviction Procedure Act ("the Act") provides an avenue for relief "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2018). A post-conviction petitioner has the burden of proving his or her allegations of fact with clear and convincing evidence. *Id.* § 40-30-

---

[2] In a footnote, the post-conviction court also observed that the post-conviction petition was not signed or sworn as required by Tennessee Code Annotated section 40-30-104(d), (e). *See also* Tenn. Sup. Ct. R. 28, § 6(B)(4)(b). However, the court did not dismiss the petition on this basis.

110(f) (2018).  For evidence to be clear and convincing, "it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Arroyo v. State*, 434 S.W.3d 555, 559 (Tenn. 2014) (citation and internal quotation marks omitted).

## A.    POST-CONVICTION STATUTE OF LIMITATIONS

In general, "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken[.]"  Tenn. Code Ann. § 40-30-102(a).  Our supreme court has recognized that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State."  *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001), *abrogated on other grounds by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013).  Indeed, the Act expressly provides that "the one-year limitations period is an element of the right to file the action and is a condition upon its exercise."  Tenn. Code Ann. § 40-30-102(a).  Importantly, "because failure to comply with the statute of limitations precludes jurisdiction, courts have a duty to ensure that the post-conviction statute of limitations is satisfied and must dismiss a post-conviction petition on this basis *sua sponte* if necessary."  *Anderson v. State*, 692 S.W.3d 94, 104 (Tenn. Crim. App. 2023) (citing Tenn. Code Ann. § 40-30-106(b)).

In this case, the "final action of the highest state appellate court" occurred when the supreme court denied the Petitioner's application for permission to appeal on January 25, 2010.  As such, the petition could have been timely filed only if it had been filed on or before January 25, 2011.  *See Pruitt v. State*, No. W2021-01214-CCA-R3-PC, 2022 WL 3337104, at *2 (Tenn. Crim. App. Aug. 12, 2022), *no perm. app. filed*.  Because the 2024 Petition was filed thirteen years past this deadline, it was clearly time-barred.

The Petitioner disagrees that his petition is untimely.  He argues that we should conclude that his 2024 Petition is timely because his first attempted filing, the 2011 Petition, was timely submitted for filing, even if the trial court clerk's office refused to accept it.  In at least some cases, our courts have considered whether a petitioner attempted to timely file an original petition as one factor to inform the timeliness of a later petition. *See Butler v. State*, 92 S.W.3d 387, 390 (Tenn. 2002); *Fowler v. State*, No. E2016-00958-CCA-R3-PC, 2016 WL 6915968, at *2 (Tenn. Crim. App. Nov. 23, 2016), *perm. app. denied* (Tenn. Feb. 15, 2017); *Sanders v. State*, No. W2013-02781-CCA-R3-PC, 2015 WL 846683, at *7 (Tenn. Crim. App. Feb. 26, 2015), *perm. app. denied* (Tenn. June 11, 2015).

However, even if that factor is appropriate to consider in some cases, no allegations support its application here.

As our supreme court has recognized, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." *See Nix*, 40 S.W.3d at 464; *see also* Tenn. Sup. Ct. R. 28, § 5(F)(4). In his 2024 Petition, the Petitioner alleged that he submitted his 2011 Petition for filing "[i]n approximately February 2011." He reaffirmed this filing date later in his petition, representing that he acted with due diligence, in part, by "[t]imely filing and pursuing a post-conviction in Claiborn[e] County from February 2011 until October of 2011." As such, taking the Petitioner's allegations as true, *see* Tenn. Code Ann. § 40-30-106(f) (2018), his original filing made in February 2011 was untimely because it was filed after the statute of limitations ran on January 25, 2011.

To avoid this conclusion, the Petitioner attempts to impeach his own statements, claiming they cannot be read "too literally and too stringently." It is true that a post-conviction petitioner can receive a hearing on the timeliness of a petition if the petition or supporting documents "lend support" to the notion of a timely filing. *Butler*, 92 S.W.3d at 390. But this is not one of those cases. Here, the 2024 Petition does not allege that the 2011 Petition (i) was received by the court clerk on or before January 25, 2011; or (ii) was delivered to the appropriate individual at the Petitioner's correctional facility on or before January 25, 2011. *See* Tenn. Sup. Ct. R. 28, § 2(G). Even if we could consider the single-page document purporting to be the 2011 Petition attached to his brief—and we cannot—that document does not contain a certificate of service or any other information purporting to show that it was timely filed or delivered to an appropriate prison official within the time allowed for filing.

In other words, there is not a single allegation of fact in the 2024 Petition or in any documents related to the judgment suggesting that the 2011 Petition was timely filed. On the contrary, the Petitioner twice asserted that the 2011 Petition was filed after the statute of limitations ran on January 25, 2011. Because the Petitioner has failed to include allegations of fact establishing a timely filing, we conclude that the 2024 Petition, which was filed more than thirteen years after the running of the statute of limitations, is untimely on its face.

## B.    Due Process Tolling of the Statute of Limitations

The Petitioner next argues that principles of due process toll the running of the statute of limitations. In addressing whether the Petitioner was entitled to due process tolling, the post-conviction court expressly found that the Petitioner had not diligently pursued his rights. On our de novo review, we agree. But we also conclude that the Petitioner has not alleged that some extraordinary circumstance stood in his way and prevented a timely filing.

Our supreme court has recognized that "[a] petitioner has no fundamental right to collaterally attack a conviction, and due process requires only that a petitioner be provided an opportunity for the presentation of the claim at a meaningful time and in a meaningful manner." *Nix*, 40 S.W.3d at 463. As such, a post-conviction petitioner is not entitled to due process tolling of the one-year statute of limitations unless the petitioner shows "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). A post-conviction petitioner has the burden to allege facts in the petition to show that principles of due process toll the running of the statute of limitations. *See Anderson*, 692 S.W.3d at 104.

Our supreme court has recognized that "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011) (emphasis in original). To illustrate when these circumstances could exist, our supreme court has recognized three broad circumstances beyond a petitioner's control that may permit due process tolling. *See Whitehead*, 402 S.W.3d at 623-624. The first set of circumstances involves claims for relief that arise after the statute of limitations has expired. *Id.* at 623. The second set involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id.* at 624. And the third occurs when attorney misconduct or abandonment has prevented the petitioner from filing a post-conviction petition within the statute of limitations. *Id.*

On the other hand, we have recognized that a petitioner is not entitled to due process tolling when the petitioner knows of a claim and yet waits to raise the issue. *Wooten v. State*, No. W2019-01228-CCA-R3-PC, 2020 WL 1491376, at *3 (Tenn. Crim. App. Mar. 26, 2020), *perm. app. denied* (Tenn. Aug. 11, 2020). Similarly, due process tolling of the statute of limitations is unavailable where a petitioner miscalculates the running of the statute of limitations. *See Barnett v. State*, No. M2021-00554-CCA-R3-PC, 2022 WL

2277146, at *4 (Tenn. Crim. App. June 23, 2022), *perm. app. denied* (Tenn. Nov. 16, 2022). Indeed, "a petitioner's ignorance of the existence of the statute of limitations, even if the ignorance resulted from an attorney's negligence in advising the petitioner, does not toll the statute of limitations." *McVay v. State*, No. W2021-00324-CCA-R3-PC, 2022 WL 421112, at *4 (Tenn. Crim. App. Feb. 11, 2022), *perm. app. denied* (Tenn. June 9, 2022).

In this case, the statute of limitations ran on January 25, 2011. However, nothing in the Petitioner's filing identifies any circumstance that prevented him from filing a timely post-conviction petition *before* that time. For example, he does not allege that he was prevented from filing his petition on or before January 25, 2011, due to mental incompetence or attorney abandonment. He also has not alleged any claim for post-conviction relief that first arose after that time. In fact, the petition pleads no facts showing a circumstance beyond the Petitioner's control that may have prevented a timely filing *before* the statute of limitations ran.

Instead, the Petitioner focuses exclusively on events that occurred *after* his petition was already time-barred. We agree with the Petitioner that a court clerk may not refuse to file a post-conviction petition simply because it is presented in legible handwriting. *See* Tenn. Sup. Ct. R. 28, Appendix A (allowing a petition to be "legibly handwritten or typewritten"). However, the Petitioner does not allege that the clerk's actions prevented him from making a filing on or before January 25, 2011. Instead, he twice claims that this circumstance prevented a filing only *after* the statute of limitations had run. Principles of due process tolling, which recognize circumstances that prevent the filing of a petition "within the statute of limitations," simply have no application here. *See Smith*, 357 S.W.3d at 358 (emphasis added).

One final observation: the Petitioner claims in his brief that after he "belatedly became aware of a writ of certiorari failing to toll the Tennessee Post-Conviction Act's statute of limitations," he "immediately hand-wrote" a petition for post-conviction relief. Although this allegation is not mentioned in the 2024 Petition, it nevertheless does not state a ground for due process tolling.

Due process tolling principles do not apply where the petitioner mistakenly believes that the post-conviction statute of limitations runs from the denial of a writ of certiorari by the United States Supreme Court. *See, e.g.*, *Garner v. State*, No. M2017-00417-CCA-R3-PC, 2018 WL 5840846, at *7 (Tenn. Crim. App. Nov. 7, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019). After all, "the filing of a petition for certiorari to the United States Supreme Court does not deny a defendant the reasonable opportunity to assert his or her claims in a

meaningful time and manner." *Burrell v. State*, No. E1999-02762-CCA-R3-PC, 2001 WL 15792, at *2 (Tenn. Crim. App. Jan. 8, 2001), *perm. app. denied* (Tenn. May 21, 2001).

In the end, the Petitioner's allegations show that the failure to file the post-conviction petition within the limitations period was attributable to the Petitioner's own conduct alone. Consequently, because he has not pled any circumstance "external to [his] own conduct" that prevented a timely filing, the Petitioner has failed to show an entitlement to due process tolling. *See Bush*, 428 S.W.3d at 22; *see also Sample v. State*, 82 S.W.3d 267, 284 (Tenn. 2002) (Barker, J., concurring) (recognizing that a petitioner's dilatory conduct "does not properly entitle him to due-process tolling considerations"); *State v. Copeland*, No. M2017-02427-CCA-R3-CD, 2019 WL 4795457, at *3 (Tenn. Crim. App. Oct. 1, 2019) ("A petitioner can waive his/her right to due process tolling by being dilatory in presenting a claim for post-conviction relief[.]"), *perm. app. denied* (Tenn. Feb. 19, 2020).

Our supreme court has cautioned that the threshold for obtaining due process tolling "is very high, lest the exceptions swallow the rule." *Bush*, 428 S.W.3d at 22 (cleaned up). As such, due process tolling "must be reserved for those *rare instances* where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whitehead*, 402 S.W.3d at 631-32 (citation omitted and emphasis added). Respectfully, this case is not one of those rare instances. The Petitioner is not entitled to relief.

## CONCLUSION

In summary, we hold that the Petitioner filed his post-conviction petition beyond the statute of limitations and that due process principles did not toll the limitations period. We respectfully affirm the judgment of the post-conviction court dismissing the petition.

s/ **Tom Greenholtz**
TOM GREENHOLTZ, JUDGE

- 8 -